06 212

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>TECHNOLOGY RESEARCH CORPORATION,<br><br>Defendant. | <br><br><br>Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Tower Manufacturing Corporation, for its Complaint for patent infringement against defendant Technology Research Corporation, alleges as follows:

**PARTIES**

1. Plaintiff Tower Manufacturing Corporation ("Tower") is a Rhode Island corporation having a place of business at 25 Reservoir Avenue, Providence, Rhode Island.

2. Defendant Technology Research Corporation ("TRC") is a Florida corporation having a regular and established place of business at 5250 140th Avenue North, Clearwater, Florida.

**JURISDICTION AND VENUE**

3. This is a civil action for damages and injunctive relief brought pursuant to the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over TRC, a Florida corporation which transacts business in the United States including by offering a leakage current detection and interruption device, or "LCDI". TRC markets its LCDI products in this District and elsewhere in the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**GENERAL ALLEGATIONS**

6. Tower is a locally-owned Rhode Island headquartered company that is a leading international innovator and manufacturer of wiring devices and electromechanical products, including LCDI products.

7. Tower has made and continues to make substantial investments in research and development in order to create and provide reliable LCDI products.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,943,199**

8. Plaintiff Tower repeats and realleges each and every allegation contained in paragraphs 1-7 of this Complaint with the same force and effect as if set forth in this Count.

9. On August 24, 1999, the United States Patent and Trademark Office duly and legally issued to Victor V. Aromin , as inventor, Letters Patent No. 5,943,199 ("'199 Patent") entitled "Mini Appliance Leakage Current Interrupter." Victor V. Aromin assigned the entire right, title and interest in the '199 Patent to Tower, which assignment is recorded in the United States Patent and Trademark Office at Reel No. 008758, Frame No. 0698. A copy of the '199 Patent is attached as Exhibit A.

10. Pursuant to 35 U.S.C. § 282, the '199 Patent is presumed valid.

11. Defendant TRC has been and still is directly infringing, actively inducing infringement of, and/or contributorily infringing the '199 Patent by making, having made, using, importing, offering to sell, and/or selling in the United States leakage current detection interrupters, or LCDI's, covered by claims of the '199 Patent. Such TRC LCDI products offered and sold in the United States include, but are not limited to, its TRC Model 37190 LCDI product.

12. As a result of TRC's infringement, plaintiff Tower has been damaged.

13. Unless enjoined by this Court, TRC's infringement will continue and will result in irreparable harm to plaintiff Tower.

WHEREFORE, plaintiff Tower respectfully demands judgment against defendant TRC as follows:

A. Preliminarily and permanently enjoining and restraining defendant TRC, including its officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with any of them, from further infringement of United States Patent No. 5,943,199.

B. Assessing against defendant TRC and awarding to plaintiff Tower damages sufficient to compensate for defendant TRC's infringement of the '199 Patent, and conducting an accounting to determine such damages;

C. Increasing such damages three times the amount found or assessed, in light of the willful and deliberate nature of TRC's infringement;

D. Declaring that this patent infringement case is "exceptional" and awarding plaintiff Tower its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. Granting to plaintiff Tower such other and further relief as this Court may deem just and proper.