IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>TECHNOLOGY RESEARCH CORPORATION,<br>Defendant. | Civil Action No. 06-212-T-DLM |

Plaintiff Tower Manufacturing Corporation replies to Defendant Technology Research Corporation's Answer and Counterclaims, as follows:

**REPLY TO COUNTERCLAIMS**

The numbered paragraphs below correspond to numbered paragraphs 28-48 of the Counterclaims in Defendant's June 14, 2006 Answer and Counterclaim.

FIRST COUNTERCLAIM

28. Tower admits that Defendant TRC purports to reallege and incorporate by reference paragraphs 1-27 of its Answer, and as to paragraphs 1-27 Tower admits only to those allegations "admitted" by Defendant or that Defendant "admits" at paragraphs 2, 9, 10, and 11, but otherwise denies the allegations of paragraph 28.

29. Tower admits that the counterclaim purports to have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

30. Admits.

31. Admits.

32. Admits.

33. Admits

34. Denies.

35. Denies.

36. Tower admits that it brought suit under the '199 patent and that an actual controversy exists as to the patent at issue.

37. Denies.

SECOND COUNTERCLAIM

38. In response to paragraph 38, Tower incorporates by reference its answers to paragraphs 28 through 37 above.

39. Tower admits that the counterclaim purports to have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

40. Admits.

41. Tower admits that an actual controversy exists as to the patent at issue, but denies the remaining allegations of paragraph 41.

42. Denies.

43. Denies.

THIRD COUNTERCLAIM

44. In response to paragraph 44, Tower incorporates by reference its answers to paragraphs 28 through 43 above.

45. Tower admits that the counterclaim purports to "arise in part" under Section 2 of the Sherman Act, but denies the remaining allegations of paragraph 45.

46. Admits.

47. Denies.

48. Denies.

**JURY DEMAND**

Plaintiff Tower demands a trial by jury as to all issues so triable.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

49. By alleging the affirmative defenses to Counterclaims set forth below, Tower does not allege, admit, concede, or imply that it has the burden of proof with respect to all or any part of the alleged affirmative defenses.

FIRST AFFIRMATIVE DEFENSE

50. Defendant has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

51. Defendant's counterclaims are barred by the doctrine of waiver.

THIRD AFFIRMATIVE DEFENSE

52. Defendant's counterclaims are barred by the doctrine of equitable estoppel.

FOURTH AFFIRMATIVE DEFENSE

53. Recovery under Defendant's counterclaims is barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

54. Recovery under Defendant's counterclaims is barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

55. Defendant cannot prevail against Plaintiff Tower in Defendant's declaratory judgment counterclaim because the '199 patent is valid, enforceable, and infringed by Defendant either literally or under the doctrine of equivalents.

SEVENTH AFFIRMATIVE DEFENSE

56. Any claim contained in Defendant's counterclaims is wholly insubstantial, frivolous, and not advanced in good faith. Therefore, Defendant should be denied any relief in this action and Plaintiff Tower should be awarded its reasonable attorneys' fees and other costs and expenses incurred in defending these counterclaims.

EIGHTH AFFIRMATIVE DEFENSE

57. Tower's actions have been lawful and Defendant has not suffered any injury to its business or property by reason of any act or omission of Tower.

NINTH AFFIRMATIVE DEFENSE

58. Any losses suffered by Defendant are the result of Defendant's own conduct.

TENTH AFFIRMATIVE DEFENSE

59. At all times relevant to this action, Tower has acted in good faith without intention to engage in any unfair, deceptive, or unlawful conduct.

ELEVENTH AFFIRMATIVE DEFENSE

60. Defendant has failed to mitigate any damages.

TWELFTH AFFIRMATIVE DEFENSE

61. Defendant's counterclaims are barred in whole or in part by lack of causation.

THIRTEENTH AFFIRMATIVE DEFENSE

62. Defendant's counterclaim for unenforceability fails to plead all required elements with sufficient particularity.

FOURTEENTH AFFIRMATIVE DEFENSE

63. Defendant's counterclaim regarding patent misuse is barred under 35 U.S.C. 271.

FIFTEENTH AFFIRMATIVE DEFENSE

64. Defendant's antitrust counterclaim fails to plead all required elements with sufficient particularity.

SIXTEENTH AFFIRMATIVE DEFENSE

65. Defendant has failed to state a claim under § 2 of the Sherman Act, because Defendant has failed to allege a legally sufficient relevant market, or to allege legally sufficient power in a relevant market.

SEVENTEENTH AFFIRMATIVE DEFENSE

66. Tower was justified in its conduct relative to this action.

EIGHTEENTH AFFIRMATIVE DEFENSE

67. Tower was privileged in its conduct relative to this action.

NINETEENTH AFFIRMATIVE DEFENSE

68. Defendant has not suffered any antitrust injury.

## TWENTIETH AFFIRMATIVE DEFENSE

69. The actions Defendant complains of constitute lawful petitioning activity immunized from antitrust challenge under the Noerr-Pennington doctrine.

## TWENTY FIRST AFFIRMATIVE DEFENSE

70. Tower currently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses to Defendant's counterclaims. Tower reserves the right to assert additional defenses in the event discovery indicates that they are appropriate.

WHEREFORE, Tower seeks judgment as follows:

1. On all three counterclaims, for judgment in favor of Tower;

2. For its costs and attorneys' fees in this action; and

3. For such other and further relief as the court may deem just and proper.

Dated: June 30, 2006

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys:

John J. Cotter
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

# CERTIFICATION

The undersigned hereby certifies that on the 5th day of July, 2006, a copy of the foregoing was delivered via telecopy and first class mail, postage prepared to William R. Grimm, Esquire, Hinckley, Allen & Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island 02903; and William C. Bergmann, Baker & Hostetler LLP, Washington Square, Suite 400, 1050 Connecticut Avenue, N.W., Washington, DC 20036.