IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY RESEARCH CORPORATION,<br><br>Defendant. | Civil Action No. 06-212-T-DLM |

**PLAINTIFF TOWER'S MOTION FOR A MORE DEFINITE STATEMENT OF DEFENDANT TECHNOLOGY RESEARCH CORPORATION'S SECOND COUNTERCLAIM REGARDING UNENFORCEABILITY AND THIRD COUNTERCLAIM IN ITS ENTIRETY**

Plaintiff Tower Manufacturing Corporation ("Tower") moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of: (1) Defendant Technology Research Corporation's ("TRC") Second Counterclaim, to the extent it seeks a declaratory judgment of patent unenforceability; and (2) TRC's Third Counterclaim for alleged antitrust violation and patent misuse. TRC was required to plead its Second and Third Counterclaims clearly and with particularity, but TRC has failed to do so. Accordingly, those counterclaims are vague and ambiguous and TRC should be required

to provide a more definite statement of each of those counterclaims.[1]

## Argument

### I. TRC SHOULD PROVIDE A MORE DEFINITE STATEMENT OF ITS UNENFORCEABILITY COUNTERCLAIM

TRC's Second Counterclaim alleges that Tower's '199 patent is invalid under 35 U.S.C. §§ 102, 103, and/or 112, but also effectively admits that TRC lacks any evidence upon which to base an unenforceability counterclaim:

> 42. ...After reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support that the '199 patent is unenforceable.

(TRC's Answer and Counterclaims (Exhibit A, attached), paragraph 42).[2]

---

[1] Although Tower has already responded to those counterclaims with general denials, this court has the power to order TRC to replead its counterclaims with particularity under Federal Rule 12(e). Alternatively, Federal Rule 12(f) permits the court to strike matter from a pleading upon "its own initiative at any time." A court may strike a counterclaim or any portion of a counterclaim "which fails to state a cause of action, or is legally insufficient…[or] is so vague or ambiguous that the plaintiff cannot reasonably be required to form a responsive pleading." 35A C.J.S. FEDERAL CIVIL PROCEDURE § 509 (updated May 2006); see also Ferguson Beauregard v. Mega Systems, 350 F.3d. 1327, 1344 (Fed. Cir. 2003)(Federal Circuit affirmed a district court's effective 12(b)(6) dismissal of improperly raised inequitable conduct claims). Thus, TRC's counterclaims may be so vague and insufficient that they warrant the court striking them from the pleading.

[2] Tower does not move for a more definite statement of the invalidity portion of TRC's Second Counterclaim.

Not only is this statement in paragraph 42 insufficient to state a counterclaim for patent unenforceability, the entire Answer and Counterclaim lacks any allegation of inequitable conduct or other facts that might arguably support such an unenforceability claim.

Because TRC has failed to plead unenforceability clearly or with particularity as required by the Federal Circuit (Ferguson Beauregard, 350 F.3d. at 1344 (affirming district court's effective dismissal of accused infringer's inequitable conduct allegations for failure to plead with particularity)), the portion of TRC's Second Counterclaim that seeks a declaratory judgment of unenforceability is so vague that Tower cannot reasonably frame a responsive pleading. Therefore, TRC should be compelled to provide a more definite statement of its unenforceability counterclaim.[3]

## II. TRC SHOULD PROVIDE A MORE DEFINITE STATEMENT OF ITS THIRD COUNTERCLAIM

Although accompanied by more words than TRC's unenforceability counterclaim, TRC's Third Counterclaim claiming a Sherman Act §2 violation and patent misuse also fails to meet

[3] TRC's Second Counterclaim purports to incorporate by reference paragraphs 1 through 37 of its Answer and Counterclaims, but those paragraphs likewise plead no allegations relevant to the deficiencies of TRC's Second Counterclaim.

the minimum pleading requirements. In relevant part, TRC's Third Counterclaim states only that:

> 45. This claim arises in part under the Sherman Act, title 15, section 2 of the United States Code, and is to remedy attempts to monopolize any part of the trade or commerce of the United States.
>
> * * *
>
> 47. Upon information and belief, plaintiff Tower knew or should have known that the design and use of the accused device by defendant TRC does not infringe any of the claims of the '199 patent, and/or that the claims of the '199 patent are invalid, and nevertheless brought this action against defendant TRC for the purpose of harassing defendant TRC in response to defendant TRC's action against plaintiff Tower in the Tampa Division of the U.S. District Court for the Middle District of Florida, Civil Action Number 8:05-cv-01455-RAL-TGW. By initiating and maintaining the present action, plaintiff Tower has engaged in anti-competitive behavior, patent misuse, and vexatious litigation barring plaintiff Tower from any relief herein.
>
> 48. Plaintiff Tower's actions violate Section 2 of the Sherman Act, 15 U.S.C. § 2, which constitutes patent misuse.

(Exhibit A, paragraphs 45, 47, and 48).[4]

**A. TRC's Pleading Does not Overcome Tower's Noerr-Pennington Immunity**

As an initial matter, in order for the Third Counterclaim to survive Tower's Noerr-Pennington immunity, TRC must allege that Tower's action is a sham. See Professional Real Estate Investors, Inc. v. Colombia Pictures, 508 U.S. 49 (1993). This

[4] TRC's Third Counterclaim purports to incorporate by reference paragraphs 1 through 43 of its answer and Counterclaims, but those paragraphs plead no allegations relevant to the deficiencies described in this motion.

would have required alleging that Tower's action is both (1) objectively baseless and (2) was brought with a subjective motivation to interfere directly with TRC's business relationships. Id. TRC failed to state either allegation because:

- TRC fails to allege that there is no objective basis for this lawsuit, that the action lacks probable cause, or that "no reasonable litigant could realistically expect to succeed on the merits." Id. at 60. TRC merely alleges in paragraph 47 of TRC's Answer and Counterclaims that "Tower. . . should have known the design and use of the accused device by defendant TRC does not infringe any of the claims of the '199 patent." (Exhibit A, paragraph 47).

- TRC fails to allege the required motivation for sham litigation. TRC instead relies on the circular and conclusory reasoning that the suit is harassment and harassment is per se anti-competitive, without including any factual support.

For these reasons TRC's Third Counterclaim is insufficient to meet the requirements necessary for a counterclaim for sham litigation, and therefore cannot overcome Tower's Noerr-

Pennington immunity. These defects render the counterclaim vague and prohibit Tower from framing a responsive pleading. For these reasons alone, TRC should be compelled to provide a more definite statement of its Third Counterclaim to satisfy Federal Rules 8 and 9b.

**B. TRC Cannot Plead a Misuse Counterclaim**

In addition, the Third Counterclaim is deficient as a patent misuse counterclaim because patent misuse is not an independently actionable tort, and therefore cannot alone state a counterclaim. Association of American Medical Colleges v. Princeton Review, 332 F. Supp. 2d 11, 19 (D. D.C. 2004); Transitron Elec. Corp. v. Hughes Aircraft Co., 487 F.Supp. 885 (D.Mass. 1980).

**C. TRC Does not Plead all Elements of an Attempted Monopoly Counterclaim**

TRC's Third Counterclaim therefore could only survive if it were to satisfy each element of attempted monopoly under the Sherman Act, 15 U.S.C. §2: i.e. (1) that Tower engaged in predatory or anticompetitive conduct (2) with a specific intent to monopolize and (3) a dangerous probability of achieving a monopoly. Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 456 (1993). Such a counterclaim must be pled "with reasonable particularity . . . in order to permit an inference that a Federal antitrust claim is cognizable." Syncsort Inc. v.

Sequential Software, Inc., 50 F.Supp.2d 318, 328 (D.N.J.1999). The court should not "assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged." Association of Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 525 (1983).

TRC cannot meet the attempted monopoly pleading requirements because:

- TRC fails to allege that there is a dangerous probability that Tower will gain a monopoly in the relevant market. Spectrum Sports, Inc, 506 U.S. at 456.

- TRC fails to allege the boundaries of the relevant market. See United States v. Grinnell Corp., 384 U.S. 563 (1966); see also Illinois Tool Works Inc. v. Independent Ink, Inc., 126 S. Ct. 1281 (2005) (merely holding a patent on a product does not establish a market or market power).

- TRC fails to allege that Tower has demonstrated the specific intent to acquire monopoly power as required by a claim under § 2 of the Sherman Act. See Grinnell Corp., 384 U.S. at 563.

Accordingly, because TRC did not allege sham litigation, because patent misuse is not a stand alone counterclaim, and because TRC did not allege the elements of a claim under § 2 of the Sherman Act with sufficient particularity, TRC's Third Counterclaim is vague and ambiguous. Therefore, TRC should be required to provide a more definite statement of its Third Counterclaim as required under Federal Rules 8 and 9b.

## Conclusion

For the foregoing reasons TRC should be required to provide a more definite statement of the patent unenforceability portion of its Second Counterclaim and of its entire Third Counterclaim.

Dated: July 17, 2006

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys

John J. Cotter
*(pro hac vice motion filed)*
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served by facsimile and U.S. Mail, postage prepaid, this 17th day of July 2006, upon:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
bmathis@bakerlaw.com

Robert F. Frijouf
Daniel R. Frijouf
FRIJOUF, RUST & PYLE, P.A.
201 East Davis Boulevard
Tampa, Florida 33606-3787
Phone: 813-254-5100
Facsimile: 813-254-5400
bob@frijouf.com
dan@frijouf.com

William R. Grimm
Rhode Island Bar No. 1938
Hinckley Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02902
Phone: 410-274-2000
Facsimile: 401-277-9600
Wgrimm@haslaw.com

ATTORNEYS FOR DEFENDANTS
TECHNOLOGY RESEARCH CORP.

Bruce W. Gladstone

H:\ARCHIVE\nbd\SHAL028123\Technology Research\BOS-#985939-v1-Tower_-_motion_for_more_definite_statement.DOC