IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TOWER MANUFACTURING CORPORATION, Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-212-T-DLM |
| TECHNOLOGY RESEARCH CORPORATION, Defendant. | ) | |

**DEFENDANT TECHNOLOGY RESEARCH CORPORATION'S OBJECTION TO PLAINTIFF TOWER MANUFACTURING CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Technology Research Corporation hereby objects to plaintiff Tower Manufacturing Corporation's motion for a more definite statement of the second counterclaim regarding unenforceability of a patent and third counterclaim for violation of 15 U.S.C. § 2 and patent misuses. Defendant relies upon the accompanying memorandum of law in support of its objection.

Dated: July 31, 2006

Respectfully submitted,

William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000 – tel
(401) 277-9600 – fax
wgrimm@haslaw.com
medwards@haslaw.com

Of Counsel:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

ATTORNEYS FOR DEFENDANT TECHNOLOGY RESEARCH CORPORATION

## CERTIFICATE OF SERVICE

The undersigned here certifies that a copy of the Objection to Plaintiff's Motion for a More Definite Statement has been served upon all counsel of record on this 31st day of July, 2006, via U.S. Mail, First Class, postage prepaid, addressed to the following:

Thomas F. Holt, Jr., Esq.
John J. Cotter, Esq.
Jason P. Fiorillo, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Bruce W. Gladstone, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Kandy M. Marchand

#739499

FILED
JUL 31 '06
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION, Plaintiff, v. TECHNOLOGY RESEARCH CORPORATION, Defendant. | Civil Action No. 06-212-T-DLM |

**DEFENDANT TECHNOLOGY RESEARCH CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF TOWER MANUFACUTURING CORPORATION'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Technology Research Corporation ("TRC") hereby objects to plaintiff Tower Manufacturing Corporation's ("Tower") motion for a more definite statement of TRC's second counterclaim regarding unenforceability of a patent and third counterclaim for violation of 15 U.S.C. § 2 and patent misuse. Tower's motion has no merit. First, the counterclaim gives notice of the claim or claims asserted so as to permit the filing of a responsive answer, which is all that is required under Federal Rule of Civil Procedure 12(e). Indeed, Tower filed a reply to every paragraph of TRC's counterclaim on June 30, 2006, evidencing its ability to answer the second and third counts of the counterclaim about which Tower now seeks a more definite statement.

Second, a motion for a more definite statement is not a substitute for pre-trial discovery proceedings. At the appropriate time, Tower can avail itself of the discovery tools in the federal rules of civil procedure to obtain additional information about TRC's counterclaim.

Third, Tower filed counterclaims against TRC in the United States District Court for the Middle District of Florida in the action styled Technology Research Corp. v. Tower

Manufacturing Corp. et al., 8:05-cv-01455-RAL-TGW ("the Florida Action"), which are similar in format and informational content to those counterclaims filed by TRC here. See Exhibit A hereto.

The Court should deny Tower's motion for a more definite statement and allow the parties to proceed with discovery after the necessary Rule 26(f) conference.

## I. BACKGROUND

TRC manufactures and sells electrical safety devices that save lives, protect people against serious injury from electrical shock, and prevent electrical fires. On August 3, 2005, TRC filed the Florida Action against Tower alleging that a Leakage Current Detector Interrupter (LCDI) that Tower manufacturers infringes TRC's U.S. Patent No. 6,292,337 ("the '337 patent"). The '337 patent claims, among other things, a safety device in which a power circuit is opened in the event that leakage or arcing current in excess of a predetermined magnitude is detected. Arcing and leakage protection may be used in extension cords, surge strips and the power cords of appliances, including those with large power demands such as room air conditioners. On September 30, 2005, Tower answered the complaint in the Florida Action and filed a counterclaim for declaratory judgment for non-infringement and patent invalidity, tortious interference with business relationships, and violation of 15 U.S.C. § 2.

On May 8, 2006, Tower filed this action ("the Rhode Island Action") alleging that TRC infringed on Tower's U.S. Patent No. 5,943,199 ("the '199 patent"). On June 14, 2006, TRC answered the complaint in the Rhode Island Action and filed a counterclaim for declaratory judgment for non-infringement, patent invalidity and/or unenforceability and for violation of 15 U.S.C. § 2 and patent misuse. TRC's counterclaims are based on the claimed invention of the '199 patent being obvious and well-known in the prior art and involving a mere relocation of a

circuit chip from one side of the device to another. Furthermore, Tower knew that the '199 patent was for an ALCI, not the LCDI that TRC manufactures and sells.

On June 30, 2006, Tower filed a reply to all of TRC's counterclaims.

## II. ARGUMENT

### A. THE MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) IS DISFAVORED AND IS ENTIRELY INAPPROPRIATE WHERE THE MOVANT ALREADY FILED A RESPONSIVE PLEADING.

Courts grant motions for a more definite statement sparingly. "The motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice." 2 Moore's Federal Practice § 12.36[1]. "A motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." Canuel v. Oskoian, 23 F.R.D. 307, 315 (D.R.I. 1959). The purpose of the motion is "plainly designed to strike at unintelligibility rather than lack of detail." Id.; Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 571 (D.R.I. 1996) ("A motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) challenges a pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]"); SEC v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000) ("The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient."). Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement "*before interposing a responsive pleading.*" (emphasis added).[1]

[1] Fed. R. Civ. P. 12(e) states, in part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . . ."

Here, TRC gave sufficient notice of its counterclaims and the relief requested; so much so that Tower filed a reply to the counterclaims on June 30, 2006 denying the very allegations that it must show are unintelligible and incapable of response. Tower's reply, filed before it filed a motion for a more definite statement, belies the need for the motion for a more definite statement.[2] The Court should deny Tower's motion for a more definite statement.[3]

**B. PRE-TRIAL DISCOVERY IS THE APPROPRIATE METHOD OF OBTAINING ADDITIONAL INFORMATION ABOUT TRC'S ALLEGATIONS**

"A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings." Canuel v. Oskoian, 23 F.R.D. 307, 315 (D.R.I. 1959); see also Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee, 60 F.R.D. 46, 48 (E.D. Wis. 1973) ("A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations . . . For purposes of obtaining detailed information as to the cause of action . . ., and of limiting the issues to be tried, simple and expeditious discovery methods are provided in Rules 26-37, Federal Rules of Civil Procedure."). Tower should use the appropriate discovery tools to obtain additional information about TRC's allegations.

---

[2] See e.g., Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee, 60 F.R.D. 46, 48 (E.D. Wis. 1973) (noting that the fact that alleged co-conspirators filed a responsive pleading "is some evidence that one can be filed"). Here, of course, Tower itself filed a responsive pleading thereby demonstrating that a responsive pleading "can be filed" and negating the need for a motion for a more definite statement.

[3] Tower's arguments that TRC's counterclaim do not overcome Noerr-Pennington Immunity and that patent misuse is not an independently actionable tort are not arguments under Fed. R. Civ. P. 12(e).

### C. TOWER'S COUNTERCLAIM IN THE FLORIDA ACTION BELIES THE NEED FOR A MORE DEFINITE STATEMENT OF TRC'S COUNTERCLAIM IN THE RHODE ISLAND ACTION

Tower's counterclaim in the Florida Action provides notice of the claims against TRC under Fed. R. Civ. P. 8(a).[4] See Exhibit A hereto. TRC did the same in the Rhode Island Action. In short, TRC's counterclaims in Rhode Island are sufficiently pled.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Tower's motion for a more definite statement.

Date: July 31, 2006

Respectfully Submitted,

William R. Grimm
Rhode Island Bar No. 1938
Mitchell R. Edwards
Rhode Island Bar No. 6942
HINKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
wgrimm@haslaw.com
medwards@haslaw.com

[4] Federal Rule of Civil Procedure 8(a) merely requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Of Counsel:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

ATTORNEYS FOR DEFENDANT
TECHNOLOGY RESEARCH CORP.

## CERTIFICATE OF SERVICE

The undersigned here certifies that a copy of the Memorandum of Law in Opposition to Plaintiff's Motion for a More Definite Statement has been served upon all counsel of record on this 31st day of July, 2006, via U.S. Mail, First Class, postage prepaid, addressed to the following:

Thomas F. Holt, Jr.
John J. Cotter
Jason P. Fiorillo
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Bruce W. Gladstone
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

Kandy M. Marchand