IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>TECHNOLOGY RESEARCH CORPORATION,<br>Defendant. | Civil Action No. 06-212-T-DLM |

**PLAINTIFF TOWER'S REPLY IN SUPPORT OF TOWER'S MOTION FOR A MORE DEFINITE STATEMENT OF DEFENDANT TECHNOLOGY RESEARCH CORPORATION'S SECOND COUNTERCLAIM REGARDING UNENFORCEABILITY AND THIRD COUNTERCLAIM IN ITS ENTIRETY**

Plaintiff Tower Manufacturing Corporation ("Tower") replies to Technology Research Corporation's ("TRC") objection to Tower's motion for more definite statement of the Second Counterclaim regarding unenforceability of a patent and Third Counterclaim for violation of 15 U.S.C. § 2 and alleged "patent misuses." In addition to the reasons set forth in Tower's opening memorandum, Tower's motion should be granted because:

**(1)** Tower preserved its right to seek a more definite statement by raising in Tower's reply to TRC's counterclaims the many deficiencies of TRC's counterclaims;

**(2)** Tower's motion does not seek a substitute for discovery, but instead seeks to require TRC to plead with

particularity and allege with sufficiency, if at all, the vague and incomplete counterclaims TRC raised; and

**(3)** Tower's counterclaims filed against TRC in a lawsuit in Florida[1] that TRC brought for infringement of a TRC patent are irrelevant to this matter, and even if they were relevant, Tower's counterclaims in the Florida Action are much more sufficient and particular than TRC's counterclaims are here.

In short, TRC's opposition goes to great lengths to avoid doing what TRC should have done from the start. TRC needs to provide a more definite statement so that the court and Tower can understand what TRC is counterclaiming and Tower can understand how to respond to the counterclaims.

## Argument

### I. TOWER'S REPLY TO TRC'S COUNTERCLAIMS DOES NOT BAR CONSIDERATION OF A MOTION FOR A MORE DEFINITE STATEMENT

#### A. This Court Has Discretion to Grant Tower's Motion

Tower has pointed out and TRC has not disputed that the court has discretion to demand a more definite statement at any time, including now. Although Tower has already responded to TRC's second and third counterclaims, this court has discretion to require TRC to replead its counterclaims with particularity under Federal Rule 12(e) after Tower has filed its response. A party can move for a more definite statement, but a court can also sua sponte require a more definite statement to simplify

[1] Technology Research Corp. v. Tower Manuf. Corp., 8:05-cv-014550-RAL-TGW ("the Florida Action").

procedure and expedite justice. See, e.g., Sutton v. United States, 819 F.2d 1289, 1299 (5th Cir. 1987) (court can require that plaintiff specifically set forth particular facts that establish right to recovery); see also Etablissements Neyrpic and Societe D'Exploitation De Brevets Pour Travaux A La Mer v. Gardner, 175 F.Supp. 355, 358 (S.D.Tex. 1959). Additionally, the granting of a "motion for more definite statement is a matter within the discretion of the trial court." 5C Wright and Miller, Federal Practice and Procedure: Civil 3d § 1377 (3d ed. 2004).

Thus, because the Court can raise a motion for more definite statement sua sponte, the motion is discretionary in nature, and the granting of this motion would simplify and expedite this action, this Court can and should grant Tower's motion.

**B. Tower's Reply to TRC's Answer and Counterclaims Illustrates TRC's Failure to Plead with Particularity**

Tower's only responses to the counterclaims relating to patent unenforceability and antitrust violations in Tower's Reply to TRC's Answer and Counterclaims ("Reply") were that TRC had failed to plead the counterclaims with particularity. Therefore, Tower has not yet fully responded to those counterclaims.

For example, TRC's Second Counterclaim simply states "[a]fter reasonable opportunity for investigation and discovery, there is likely to be evidentiary support that the '199 patent is unenforceable." (TRC's Answer and Counterclaims (Exhibit A, attached), paragraph 42). The counterclaim offers no theory of unenforceability, leaving Tower to guess at what TRC is actually pleading. Is TRC's theory that the patent is unenforceable for inequitable conduct, which the Federal Circuit requires to be plead with particularity,[2] is it for failure to pay maintenance fees, or does TRC believe there was a mistake in inventorship? Since TRC's counterclaim lacks particularity, Tower could not fully respond to the counterclaim and was only able to state that the counterclaim was not pled with particularity.

Thus, TRC's argument that Tower's response to the counterclaims in Tower's Reply evidences that the counterclaims were pled with particularity is illogical. In fact, Tower's responses to the counterclaims evidence the counterclaims' lack of particularity.

Therefore, because the court can in its discretion grant a motion for more definite statement after a party has responded

[2] Ferguson Beauregard v. Mega Systems, 350 F.3d. 1327, 1344 (Fed. Cir. 2003) (affirming district court's effective dismissal of accused infringer's inequitable conduct allegations for failure to plead with particularity).

and technically, Tower has not fully responded to these counterclaims, Tower has merely stated that they were not pled with particularity, the Court should grant Tower's motion for more definite statement.

## II. TOWER'S MOTION IS NOT A SUBSTITUTE FOR PRE-TRIAL DISCOVERY PROCEEDINGS

TRC claims in its Objection that Tower's motion for more definite statement is an attempt to obtain pre-trial discovery. In reality, Tower's motion for more definite statement does not concern discovery at all. Rather, Tower is simply asking TRC to comply with the pleading requirements of the Federal Rules and the Federal Courts. As noted above, patent unenforceability counterclaims must be alleged with particularity.[3] Furthermore, the Federal Courts have recognized that antitrust claims must be plead with specificity.[4] Tower is not using this motion as a vehicle to obtain discovery from TRC, but is seeking TRC's compliance with the pleading requirements outlined in the Federal Rules and by the Federal Courts. Therefore, this Court

---

[3] See 4 n.2.

[4] In Booton, Ltd. v. Scott & Williams, the court granted a motion to require the plaintiff to file a more definite statement of its "second cause of action in what ways defendant has misused the Letters Patent involved in [the] action." 45 F.R.D. 108, 109 (S.D.N.Y. 1968). The court required the plaintiff to "specify the facts constituting any claimed misuse by the defendant of the patents involved in the action and identify the specific provisions of the anti-trust laws of the United States alleged to have been violated thereby." Id.

should grant Tower's motion since TRC has not pled its counterclaims with particularity and sufficiency.

## III. THE COUNTERCLAIMS THAT TOWER FILED IN THE FLORIDA ACTION ARE IRRELEVANT

TRC argues that because Tower filed similar counterclaims in the Florida Action, TRC's counterclaims are sufficiently pled. This argument fails for two reasons:

> **(1)** Tower's counterclaims in another litigation are irrelevant to the sufficiency of TRC's counterclaims in this action; and
>
> **(2)** Tower's counterclaims in the Florida Action are more detailed than TRC's skeletal counterclaims.

Regardless of whether Tower's counterclaims were similar to TRC's insufficient counterclaims, that does not relieve TRC of the duty to plead its claims with particularity. If TRC believed that Tower's counterclaims in the Florida Action were insufficient, TRC should have raised those concerns in the Florida Action, not now in a different court, in a different action. Tower's pleading style is irrelevant to the issue of whether TRC pled its counterclaims with particularity.

Furthermore, Tower's counterclaims in the Florida Action are more detailed than TRC's present counterclaims in this action. With regard to the antitrust counterclaim, TRC simply states "Tower's actions violate Section 2 of the Sherman Act, 15 U.S.C. § 2, which constitutes patent misuse." (Ex. A, paragraph

48). In contrast, Tower devoted seven paragraphs over the course of two pages to their antitrust counterclaim in the Florida Action. (Tower's Answer, Affirmative Defenses, and Counterclaims, filed in the Florida Action, (Ex. B, attached) paragraphs 53-59). Thus, TRC's counterclaims are less detailed and specific then Tower's counterclaims in the Florida Action.

Therefore, because Tower's counterclaims in the Florida action are irrelevant and even if they were relevant, Tower's counterclaims in the Florida Action are much more sufficient and particular than TRC's counterclaims are here, TRC should be required to plead its unenforceability and antitrust counterclaims with particularity and sufficiency.

**Conclusion**

For the foregoing reasons and those stated in Tower's opening memorandum, TRC should be required to provide a more definite statement of the patent unenforceability portion of its Second Counterclaim and of its entire Third Counterclaim.

Dated: August 16, 2006

Respectfully submitted,

PLAINTIFF
TOWER MANUFACTURING CORPORATION,

By its attorneys:

/s/ John J. Cotter

John J. Cotter, Esq.
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

/s/ Bruce W. Gladstone

Bruce W. Gladstone (#2781)
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served via electronic transmission and U.S. Mail, postage prepaid, this 16th day of August 2006, upon:

William R. Grimm
HINKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone:401-274-2000
Facsimile: 401-277-9600
wgrimm@haslaw.com

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
bmathis@bakerlaw.com

ATTORNEYS FOR DEFENDANTS
TECHNOLOGY RESEARCH CORP.

/s/ Bruce W. Gladstone
Bruce W. Gladstone

H:\ARCHIVE\nbd\SHAL028123\Technology Research\replymotion.doc