# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY RESEARCH CORPORATION,<br><br>Defendant. | Civil Action No. 06-212-T-DLM<br><br>Hon. Ernest C. Torres |

**DEFENDANT TECHNOLOGY RESEARCH CORPORATION'S**

**ANSWER AND COUNTERCLAIMS**

Defendant Technology Research Corporation ("TRC") hereby Answers the Complaint filed by plaintiff Tower Manufacturing Corporation ("Tower") and asserts its counterclaims as follows:

1. Defendant TRC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

2. Admitted.

3. This paragraph contains plaintiff Tower's characterization of subject matter jurisdiction, to which no response is required.

4. Defendant TRC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

5. Denied.

6. Defendant TRC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

7. Defendant TRC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

8. No response required. To the extent necessary, defendant TRC incorporates its previous responses to paragraphs 1 through paragraph 7.

9. Admitted that a copy of U.S. Patent Number 5,943,199 is attached as Exhibit A. Defendant TRC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies the same.

10. Admitted that 35 U.S.C. § 282 creates a presumption of validity for issued patents.

11. Defendant TRC denies the first sentence. Defendant TRC admits that it offers for sale and has sold in the United States an LCDI product TRC Model 37190. Defendant TRC denies the remainder of the second sentence.

12. Denied.

13. Denied.

**AFFIRMATIVE DEFENSES**

Answering further, defendant TRC avers:

14. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

15. This Court does not have personal jurisdiction over defendant TRC.

16. Venue is not proper in this judicial district.

17. Defendant TRC has not committed any act which would give rise to liability for infringement of any valid claim (or claims) of the '199 patent because no act of defendant TRC, and no use of any product manufactured, used, offered for sale, or sold by defendant TRC, comes within the scope of any valid claim (or claims) of the '199 patent when such claim (or claims) is properly construed, either literally or under the doctrine of equivalents.

18. The '199 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102 and 103, in view of the prior art made of record during the prosecution of the patents, and in view of other prior patents, publications, public uses, sales and/or inventions presently known or unknown to defendant TRC but which, when ascertained, defendant TRC prays leave to add to this Answer or to otherwise identify to plaintiff Tower.

19. The '199 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 112.

20. After reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support that the '199 patent is unenforceable.

21. Plaintiff Tower has not been damaged in any amount, manner, or at all by reason of the Count set forth in the Complaint, and, therefore, the relief prayed for by plaintiff Tower in the Complaint cannot be granted.

22. Some or all of the claims asserted by plaintiff Tower are barred by the doctrines of waiver, estoppel, laches, set-off, and/or unclean hands.

23. Plaintiff Tower's Complaint is barred in whole or in part by the doctrine of acquiescence.

24. Plaintiff Tower's Complaint is barred in whole or in part by reason of unenforceability as a result of plaintiff Tower's inequitable conduct.

25. Upon information and belief, plaintiff Tower knew or should have known that the design and use of the accused device by defendant TRC does not infringe any of the claims of the '199 patent, and/or that the claims of the '199 patent are invalid, and nevertheless brought this action against defendant TRC for the purpose of harassing defendant TRC in response to defendant TRC's action against plaintiff Tower in the Tampa Division of the U.S. District Court for the Middle District of Florida, Civil Action Number 8:05-cv-01455-RAL-TGW. By initiating and maintaining the present action, plaintiff Tower has engaged in anti-competitive behavior, patent misuse, and vexatious litigation barring plaintiff Tower from any relief herein.

26. Upon information and belief, plaintiff Tower is barred by prosecution history estoppel from presenting an interpretation of the claims necessary to find infringement of the '199 patent.

27. Defendant TRC asserts any and all defenses that are presently unknown to defendant TRC but which, when discovered, may be added to this Answer with notice to plaintiff Tower and leave of the Court.

## COUNTERCLAIMS OF TRC

### FIRST COUNTERCLAIM

### Declaratory Judgment – Non-Infringement

28. Defendant TRC re-alleges and incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. Subject matter jurisdiction for this counterclaim is premised on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

30. Plaintiff Tower is the record owner of the '199 patent.

31. In this instant lawsuit, plaintiff Tower has charged defendant TRC with infringement of the '199 patent.

32. Defendant TRC has manufactured products that plaintiff Tower alleges infringes the '199 patent.

33. Defendant TRC continues to manufacture products that plaintiff Tower alleges infringes the '199 patent.

34. Defendant TRC has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of, any valid claim (or claims) of the '199 patent under 35 U.S.C. § 271. Defendant TRC's accused LCDI device is itself subject to patent protection. Defendant TRC is the owner by assignment of U.S. Patent Number 6,292,337 ("the '337 patent"). The '337 patent was duly and lawfully issued by the U.S. Patent and Trademark Office on September 18, 2001.

35. Defendant TRC asserts that manufacturing, using and/or causing to be used, selling and/or causing to be sold, and/or offering for sale electronic safety devices does not infringe the '199 patent and that is has the unfettered right, free from charges of infringement by plaintiff Tower of the '199 patent, to manufacture, import, use, sell and/or offer to sell electrical safety devices.

36. By reason of plaintiff Tower's charge of patent infringement in conjunction with the allegations contained in plaintiff Tower's Complaint, and defendant TRC's denial of those allegations and the charge of patent infringement, an actual and justiciable controversy exists between plaintiff Tower on the one hand and defendant TRC on the other hand with respect to plaintiff Tower's assertion of infringement of the '199 patent and defendant TRC's denial thereof.

37. Defendant TRC has no adequate remedy at law.

**SECOND COUNTERCLAIM**

**Declaratory Judgment – Patent Invalidity and/or Unenforceability**

38. Defendant TRC re-alleges and incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39. Subject matter jurisdiction for this counterclaim is premised on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

40. Plaintiff Tower is the record owner of the '337 patent.

41. An actual and justiciable controversy exists between plaintiff Tower and defendant TRC with respect to the validity of the '199 patent.

42. Upon information and belief, the '199 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112. After reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support that the '199 patent is unenforceable.

43. Defendant TRC has no adequate remedy at law.

**THIRD COUNTERCLAIM**

**Violation of 15 U.S.C. § 2 and Patent Misuse**

44. Defendant TRC re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. This claim arises in part under the Sherman Act, title 15, section 2 of the United States Code, and is to remedy attempts to monopolize any part of the trade or commerce of the United States.

46. In the instant lawsuit, plaintiff Tower alleges infringement by defendant TRC.

47. Upon information and belief, plaintiff Tower knew or should have known that the design and use of the accused device by defendant TRC does not infringe any of the claims of the '199 patent, and/or that the claims of the '199 patent are invalid, and nevertheless brought this action against defendant TRC for the purpose of harassing defendant TRC in response to defendant TRC's action against plaintiff Tower in the Tampa Division of the U.S. District Court for the Middle District of Florida, Civil Action Number 8:05-cv-01455-RAL-TGW. By initiating and maintaining the present action, plaintiff Tower has engaged in anti-competitive behavior, patent misuse, and vexatious litigation barring plaintiff Tower from any relief herein.

48. Plaintiff Tower's actions violate Section 2 of the Sherman Act, 15 U.S.C. § 2, which constitutes patent misuse.

**PRAYER FOR RELIEF**

WHEREFORE, defendant TECHNOLOGY RESEARCH CORPORATION prays that the Court enter judgment:

A. Declaring that defendant TRC has not infringed (directly, by inducement, or otherwise) any valid claim of the '199 patent.

B. Declaring that the claims of '199 patent are not valid.

C. Preliminarily and permanently enjoining plaintiff Tower and its officers, agents, servants, employees, attorneys, licensees, sub-licensees, successors and assignees and all persons in active concert or participation with plaintiff Tower, or any of them, from: (1) instituting any

action for infringement related to the '199 patent against any of defendant TRC's actual or potential customers; and (2) making any false or misleading statements or charges to third parties that using, causing to be used, selling and/or causing to be sold, and offering for sale of defendant TRC's products are an infringement of the '199 patent.

D. On the Third Count, awarding defendant TRC monetary damages against plaintiff Tower in an amount to be determined at trial, and trebling said damages pursuant to the Sherman Act.

E. Awarding defendant TRC its reasonable attorney's fees, costs, and pre-judgment and post-judgment interest to the maximum extent provided by law.

F. Awarding defendant TRC such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant requests that all issues triable to a jury in this action be tried to a jury.

Respectfully Submitted,

Date: June 14, 2006

William R. Grimm
Rhode Island Bar No. 1938
HINKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
wgrimm@haslaw.com

Of Counsel:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

ATTORNEYS FOR PLAINTIFFS
TECHNOLOGY RESEARCH CORP.

**CERTIFICATE OF SERVICE**

The undersigned here certifies that a copy of the foregoing Answer and Counterclaims has been served upon all counsel of record on this 14th day of June, 2006, via U.S. Mail, First Class, postage prepaid, addressed to the following:

Thomas F. Holt, Jr.
John J. Cotter
Jason P. Fiorillo
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Bruce W. Gladstone
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

[signature]