# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| TECHNOLOGY RESEARCH CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 8:05-cv-1455-T-26TGW |
| | ) | |
| TOWER MANUFACTURING CORP. and FEDDERS CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TOWER MANUFACTURING CORPORATION'S**
**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant, Tower Manufacturing Corporation ("Tower"), by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff, Technology Research Corporation ("Plaintiff"), as follows:

**ANSWER**

**THE PARTIES**

1. Tower is without sufficient knowledge or information to either admit or deny the allegations in paragraph 1 of the Complaint and, therefore, denies the allegations.

2. Tower admits that it is a Rhode Island corporation with a principal place of business at 25 Reservoir Avenue, Providence, Rhode Island, and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Tower is without sufficient knowledge or information to either admit or deny the allegations in paragraph 3 of the Complaint and, therefore, denies the allegations.

**JURISDICTION AND VENUE**

4. Tower admits that Plaintiff has asserted claims under the Patent Act, 35 U.S.C. § 1, *et. seq*., specifically denies the validity of such claims and denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Tower denies that venue is proper in this judicial district.

**BACKGROUND**

6. Tower is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6 of the Complaint and, therefore, denies the allegations.

7. Tower admits that Plaintiff is the record owner of U.S. Patent No. 6,292,337 (the "'337 patent"), denies that said patent was duly and lawfully issued and denies the remaining allegations of paragraph 7 of the Complaint.

8. Tower admits that Plaintiff is the record owner of the '337 patent, refers to the patent for the claims contained therein and denies the remaining allegations of paragraph 8 of the Complaint.

9. Tower is without sufficient knowledge or information to either admit or deny the allegations in paragraph 9 of the Complaint and, therefore, denies the allegations.

10. Tower admits that certain distributors are authorized to sell certain Tower products in Florida, specifically denies that it transacts business in this judicial district on a continuous and systematic basis and denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Tower is without sufficient knowledge or information to either admit or deny the allegations in paragraph 11 and, therefore, denies the allegations.

12. Tower is without sufficient knowledge or information to either admit or deny the allegations in paragraph 12 and, therefore, denies the allegations.

**COUNT I – INFRINGEMENT OF**
**UNITED STATES PATENT 6,292,337**

13. Tower re-alleges and incorporates by reference the responses to paragraphs 1 through 12 of the Answer.

14. Tower specifically denies that any of its products meet, either literally or under the doctrine of equivalents, all of the elements, features and limitations of any of the claims of the '337 patent, and denies the remaining allegations in paragraph 14 of the Complaint.

15. Tower denies the allegations in paragraph 15 of the Complaint.

16. Tower denies the allegations in paragraph 16 of the Complaint.

17. Tower denies the allegations in paragraph 17 of the Complaint.

18. Tower specifically denies that Plaintiff has suffered harm, irreparable or otherwise, and denies the remaining allegations in paragraph 18 of the Complaint.

19. Tower denies the allegations in paragraph 19 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

20. The Complaint, in whole and/or in part, fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

21. This Court does not have personal jurisdiction over Tower.

**Third Affirmative Defense**

22. Tower avers that the Plaintiff has not been damaged in any amount, manner or at all by reason of the Count set forth in the Complaint and, therefore, the relief prayed for by the Plaintiff in the Complaint cannot be granted.

**Fourth Affirmative Defense**

23. Tower avers that Plaintiff's Complaint is barred in whole or in part by the doctrine of acquiescence.

**Fifth Affirmative Defense**

24. Tower avers that Plaintiff's Count is barred in whole or in part by reason of unenforceability as a result of Plaintiff's inequitable conduct.

**Sixth Affirmative Defense**

25. Tower has not committed any act which would give rise to liability for infringement of any valid claim (or claims) of the '337 patent because no act of Tower, and no use of any product manufactured, used, offered for sale or sold by Tower, comes within the scope of any valid claim (or claims) of the '337 patent when such claim (or claims) is properly construed.

**Seventh Affirmative Defense**

26. Upon information and belief, the '337 patent is invalid on the grounds that the purported invention fails to meet the conditions for patentability within the meaning of the patent laws, Title 35, United States Code, including at least sections 102, 103 and/or 112 thereof.

**Eighth Affirmative Defense**

27. Upon information and belief, Plaintiff knew or should have known that the design and use of the accused device by Tower does not infringe any of the claims of the '337 Patent, and nevertheless brought this action against Tower for the purpose of wrongfully excluding Tower from the relevant market. By initiating and maintaining the present action, Plaintiff has engaged in patent misuse and vexatious litigation barring Plaintiff from any relief herein.

**Ninth Affirmative Defense**

28. Venue is not proper in this judicial district.

**Tenth Affirmative Defense**

29. Upon information and belief, Plaintiff is barred by prosecution history estoppel from presenting an interpretation of the claims necessary to find infringement of the '337 patent.

WHEREFORE, Tower respectfully prays that:

A. Plaintiff's Complaint be dismissed;

B. This Court deny in its entirety the relief sought by Plaintiff's Complaint and Prayer for Relief;

C. This Court declare this case to be exceptional and award Tower its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, along with its expenses and costs in this action; and

D. This Court grant Tower such other and further relief that this Court deems just and proper.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### Declaratory Judgment -- Non-Infringement

30. Tower re-alleges and incorporates by reference paragraphs 1 through 29 of the Answer, Affirmative Defenses and Counterclaims as though fully set forth herein.

31. Subject matter jurisdiction for this counterclaim is premised on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

32. Plaintiff is the record owner of the '337 patent.

33. In this instant lawsuit, Plaintiff has charged Tower with infringement of the '337 patent.

34. Tower has manufactured products which Plaintiff alleges infringes the '337 patent.

35. Tower continues to manufacture products which Plaintiff alleges infringes the '337 patent.

36. Tower has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of, any valid claim (or claims) of the '337 patent under 35 U.S.C. § 271. Tower's accused LCDI device is itself subject to patent protection. Tower is the owner by assignment of U.S. Patent No. 6,738,241 (the "'241 patent"). The '241 patent was duly and lawfully issued by the United States Patent and Trademark Office on May 18, 2004. The examiner cited the '337 patent during examination but did not consider it to be material, and ultimately issued the '241 patent.

37. Tower asserts that using and/or causing to be used, selling and/or causing to be sold and/or offering for sale electronic safety devices does not infringe the '337

patent and that it has the unfettered right, free from charges of infringement by Plaintiff of the '337 patent, to import, use, sell and/or offer to sell electrical safety devices.

38. By reason of Plaintiff's charge of patent infringement in conjunction with the allegations contained in Plaintiff's Complaint, and Tower's denial of those allegations and the charge of patent infringement, an actual and justiciable controversy exists between Plaintiff on the one hand and Tower on the other hand with respect to Plaintiff's assertion of infringement of the '337 patent and Tower's denial thereof.

39. Tower has no adequate remedy at law.

**SECOND COUNTERCLAIM**

**Declaratory Judgment – Patent Invalidity**

40. Tower re-alleges and incorporates by reference paragraphs 1 through 39 of the Answer, Affirmative Defenses and Counterclaims as though fully set forth herein.

41. Subject matter jurisdiction for this counterclaim is premised on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

42. Plaintiff is the record owner of the '337 patent.

43. An actual and justiciable controversy exists between Plaintiff and Tower with respect to the validity of the '377 patent.

44. Upon information and belief, the '377 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 102, 103 and/or 112.

45. Tower has no adequate remedy at law.

## THIRD COUNTERCLAIM

### Tortious Interference with Business Relationships

46. Tower re-alleges and incorporates by reference paragraphs 1 through 45 of the Answer, Affirmative Defenses and Counterclaims as though fully set forth herein.

47. Subject matter jurisdiction for this counterclaim is premised on 28 U.S.C. §§ 1332 and 1367.

48. Tower's products, including electrical safety devices, are sold to and purchased by customers nationwide and throughout the global marketplace. Tower has established a business relationship with each and every one of its customers. These relationships afford Tower existing legal rights.

49. Upon information and belief, Plaintiff has direct knowledge of the business relationship between Tower and Tower's customers.

50. Plaintiff has intentionally interfered with Tower's business relationships by contacting Tower's customers and urging them to, among other things, end their business relationship with Tower. Plaintiff's activities in this regard began in June of 2004, when Plaintiff first contacted Tower's customers and potential customers in the United States, China and Korea. (Attached hereto at Exhibit A are a series of letters between Tower's counsel and Plaintiff's counsel addressing this issue). Upon information and belief, Plaintiff's unjustified and intentional interference with Tower's actual and potential customers occurred both prior to and subsequent to the filing of this action.

51. Plaintiff has no legitimate justification for their actions.

52. Tower has suffered and continues to suffer damages as a proximate result of Plaintiff's interference with Tower's business relationships in an amount to be determined at trial.

**FOURTH COUNTERCLAIM**

**Violation of 15 U.S.C. § 2**

53. Tower re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. This claim arises under the Sherman Act, Title 15, United States Code, § 2, and is to remedy attempts to monopolize any part of the trade or commerce of the United States.

55. In the instant lawsuit, Plaintiff alleges infringement by Tower, and one of Tower's customers, Fedders, of the '337 patent.

56. Upon information and belief, Plaintiff has filed the instant lawsuit with the predatory intent to divert customers from Tower, to irreparably damage and harm Tower's ability to import, sell, offer to sell and/or otherwise commercially make available Tower's electric safety device products. Such actions also evidence intent to dominate the marketplace for electric safety devices and to harm Tower's ability to remain competitive in that same market.

57. Upon information and belief, Plaintiff's conduct as described above stems from the fact that Plaintiff's own electrical safety devices are inferior in quality to Tower's. Indeed, testing has shown that certain of Plaintiff's products do not in fact meet the safety requirements established by Underwriters Laboratories Inc. ("UL").

58. In addition, upon information and belief, Plaintiff has directly and/or indirectly contacted Tower's customers on multiple occasions and speciously purported that Tower infringes the '337 patent. In this way, Plaintiff's actions evidence an attempt to monopolize the electrical safety devices and/or electromechanical marketplace and are, therefore, nothing more than an anti-competitive weapon. Tower has been damaged by Plaintiff's actions in an amount to be proven at trial.

59. Plaintiff's actions violate Section 2 of the Sherman Act, 15 U.S.C. §2.

**PRAYER FOR RELIEF**

WHEREFORE, Tower prays that the Court enter judgment:

A. Declaring that Tower has not infringed (directly, by inducement or otherwise) any valid claim of the '337 patent.

B. Declaring that the '337 patent is not valid.

C. Preliminarily and permanently enjoining Plaintiff and its officers, agents, servants, employees, attorneys, licensees, sub-licensees, successors and assignees and all persons in active concert or participation with Plaintiff, or any of them, from: (1) instituting any action for infringement related to the '337 patent against any of Tower's actual or potential customers; and (2) making any statements or charges to third parties that the using or causing to be used, selling and/or causing to be sold and offer for sale of Tower's products are an infringement of the '337 patent.

D. On the Third Count, awarding Tower monetary damages against Plaintiff in an amount to be determined at trial.

E. On the Fourth Count, awarding Tower monetary damages against Plaintiff in an amount to be determined at trial and trebling said damages pursuant to the Sherman Act.

F. Awarding Tower its reasonable attorney's fees, costs and pre-judgment and post-judgment interest to the maximum extent provided by law.

G. Awarding Tower such other and further relief as the Court may deem just and proper.

Dated: September 30, 2005

s/Brian R. Gilchrist
Brian R. Gilchrist, Esq.
Florida Bar No. 774065
ALLEN, DYER, DOPPELT, MILBRATH
& GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: 407-841-2330
Facsimile: 407-841-2343
e-mail: bgilchrist@addmg.com

*Of counsel*:

Gregory J. Battersby, Esq.
Edmund J. Ferdinand, III, Esq.
James G. Coplit, Esq.
Russell D. Dize, Esq.
Michael R. Patrick, Esq.
GRIMES & BATTERSBY, LLP
488 Main Avenue
Norwalk, Connecticut 06851
Telephone: 203-849-8300
Facsimile: 203-849-9300

Case 8:05-cv-01455-. .L-TGW Document 14 Filed 09/. ,2005 Page 12 of 12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF") system which will send a Notice of Electronic Filing to the following CM/ECF participants:

Robert F. Frijouf, Esq.
Daniel R. Frijouf, Esq.
FRIJOUF, RUST & PYLE, P.A.
201 E. Davis Boulevard (Davis Islands)
Tampa, FL 33606-3787

Attorneys for Plaintiff

I further certify that a true and correct copy of the foregoing has been served by U.S. Mail, postage prepaid, to the following non-CM/ECF participants:

William C. Bergmann, Esq.
Kenneth J. Sheehan, Esq.
Burman Y. Mathis, Esq.
BAKER & HOSTETLER LLP,
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, DC 20036

Attorneys for Plaintiff,
Technology Research Corp.

s/Brian R. Gilchrist