IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TOWER MANUFACTURING CORPORATION, Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-212-T-DLM |
| TECHNOLOGY RESEARCH CORPORATION, Defendant. | ) | |

**DEFENDANT'S PRETRIAL CONFERENCE STATEMENT OF CLAIMS**

Pursuant to Local Rule 16(c), Defendant, Technology Research Corporation ("TRC") submits this pretrial conference statement of claims outlining the elements and supporting case law for its counterclaims and defenses against Plaintiff, Tower Manufacturing Corporation ("Tower").

TRC manufactures and sells electrical safety devices. Tower alleges in this action that TRC's Leakage Current Detector Interrupter ("LCDI"), which is protected by U.S. Patent No. 6,292,337, infringes on Tower's U.S. Patent No. 5,943,199 (the "'199 patent"). TRC's counterclaims and defenses to Tower's complaint include non-infringement, patent invalidity and/or unenforceability, patent misuse, and antitrust violations of 15 U.S.C. § 2.

**TRC's Counterclaims and Defenses**

**I. Non-Infringement**

The limitations set forth in the '199 patent claim are not found in TRC's LDCI device, either exactly or by a substantial equivalent. Therefore, there can be no infringement.[1]

[1] See C.R. Bard, Inc. v. Stryker Corp., Civ. 02-515ML, 2006 WL 889220, *2 (D.R.I. April 4, 2006); Callicrate v. Wadsworth Mfg., Inc., 427 F.3d 1361, 1361 (Fed. Cir. 2005).

## II. Patent Unenforceability – Inequitable conduct

The '199 patent is unenforceable because Tower did not prosecute its application for the '199 patent with candor, good faith, and honesty.[2]

## III. Patent Unenforceability – Doctrine of acquiescence

Tower (1) actively represented that it would not assert its patent rights and (2) unreasonably delayed pursuing this litigation, which (3) has materially prejudiced TRC.[3]

## IV. Patent Invalidity – Failure to comply with the requirements of 35 U.S.C. § 102

The '199 patent is invalid because it was anticipated and does not meet the novelty requirements of 35 U.S.C. § 102. Every limitation in the '199 patent is found either expressly or inherently in a single prior art reference.[4]

## V. Patent Invalidity – Failure to comply with the requirements of 35 U.S.C. § 103

The '199 patent is invalid because it is obvious. All elements of the '199 patent are found in a combination of prior art references and (1) the prior art suggests to those of ordinary skill in the art that they should make the device and (2) the prior art would also have revealed that those of ordinary skill would have a reasonable expectation of success in making such a device.[5]

## VI. Patent Invalidity – Failure to comply with the requirements of 35 U.S.C. § 112

The '199 patent is indefinite because it does not comply with the requirements of 35 U.S.C. § 112. These deficiencies include, but are not limited to, the '199 patent's lack of: (1) a

---

[2] See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995); Bristol-Meyers Squibb Co. v. Phone-Poulenc Rorer, Inc., 2003 WL 1876574, *5 (Fed. Cir. 2003).

[3] See Kellogg Co. v.Exxon Corp., 209 F.3d 562, 569 (6th Cir. 2000); Profitness Physical Therapy Center v. Pro-Fit Orthopedic, 314 F.3d 62, 67 (2nd Cir. 2002).

[4] See 35 U.S.C. § 102; IPXL Holdings, LLC v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005); C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1367 (Fed. Cir. 1998).

[5] See 35 U.S.C. § 103; Graham v. John Deere Co., 383 U.S. 1, 1(1966); Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1164 (Fed. Cir. 2006).

written description enabling those of ordinary skill in the art to make and use the full scope of the patent without undue experimentation; (2) a written description setting forth the best mode Tower contemplated in carrying out this invention; and (3) a conclusion with one or more claims particularly pointing out and distinctly claiming the subject matter that Tower regards as its invention.[6]

**VII. Patent Misuse**

Tower has impermissibly broadened the scope of the '199 patent, creating an anticompetitive effect.[7] Tower filed this litigation in bad faith and for the improper purpose of harassing TRC and deterring others from competition.[8]

**VIII. Violations of 15 U.S.C. § 2**

Tower procured the '199 patent by knowing and willful fraud, has market power in the relevant market, and has used its fraudulently-obtained patent to restrain competition.[9] Tower's lawsuit to enforce the '199 patent is "sham litigation" because this lawsuit: (1) is objectively meritless such that no reasonable litigant could expect success on the merits and (2) conceals an attempt to interfere directly with TRC's business relationships.[10]

---

[6] See 35 U.S.C. § 112; Abbott Laboratories v. Andrx Pharmaceuticals, 452 F.3d 1331, 1341 (Fed. Cir. 2006); Liquid Dynamics Corp. v. Vaughn Co., Inc., 449 F.3d 1209, 1224 (Fed. Cir. 2006).

[7] See C.R. Bard v. M3 Systems, Inc., 157 F.3d 1340, 1373 (Fed. Cir. 1998).

[8] See Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc., 45 F.3d 1550, 1559 (Fed. Cir. 1995).

[9] See 15 U.S.C. § 2; Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 456 (1993); Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585, 602 (1985); Walker Process Equipment, Inc. v. Food Machinery & Chem. Corp., 382 U.S. 172, 177 (1965); C.R. Bard, Inc. v. M3 Systems, Inc., 157 F.3d 1340, 1367 (Fed. Cir. 1998).

[10] See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993); Atari Games Corp. v. Nintendo of America, Inc., 897 F.2d 1572, 1576 (Fed. Cir. 1990); C.R. Bard v. M3 Systems, Inc, 157 F.3d 1340, 1368 (Fed. Cir. 1998).

TECHNOLOGY RESEARCH CORPORATION
By its attorneys,

/s/Mitchell R. Edwards
William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000 – tel
(401) 277-9600 – fax
wgrimm@haslaw.com
medwards@haslaw.com

Of Counsel:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2006, a copy of the foregoing Defendant's Pretrial Conference Statement of Claims was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mitchell R. Edwards

#753096v3