IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br><br>Plaintiff,<br>v.<br><br>TECHNOLOGY RESEARCH CORPORATION,<br><br>Defendant. | Civil Action No. 06-212-T-DLM<br><br>**PLAINTIFF TOWER'S RULE 16 CONFERENCE STATEMENT** |

Pursuant to this Court's August 11, 2006 Notice and to Local Rule 16(c), Plaintiff and Defendant in Counterclaim Tower Manufacturing Corporation hereby provides a summary of the instant dispute and a statement listing the elements to be proven for each of Tower's claims in this action against Technology Research Corporation ("TRC") in advance of the Rule 16 Initial Scheduling Conference to be held on October 11, 2006.

## NATURE OF THE DISPUTE

Tower is a leading manufacture of current leakage detection devices for electrical devices. Tower owns U.S. Patent No. 5,943,199 ("the '199 patent"), entitled "Mini Appliance Leakage Current Interrupter," issued by the United States Patent and Trademark Office on August 24, 1999 to Victor V. Aromin. Victor V. Aromin has assigned all rights to the '199 patent to Tower.

TRC infringes each element of one or more claims of the '199 patent, either literally or equivalently, through the production and sale of at least the TRC Model No. 37190 product. TRC has been and continues to manufacture the infringing product without Tower's authority.

Tower requests damages for this infringement and an injunction to prevent TRC's future infringement of the '199 patent.

## ELEMENTS OF TOWER'S CLAIMS AND DEFENSES

### A. Patent Infringement Claim

Patent infringement consists of (1) the making, using, selling, or offering for sale, (2) within the United States, or the importing into the United States, (3) during the term of the patent, (4) the invention defined by a patent's claims, (5) without the patent owner's authority.[1]

In order to determine whether or not the defendant has made or sold the invention defined by the '199 patent's claims, this Court must first construe the claims of the '199 patent and then compare those claims to the accused device, the TRC Model No. 37190 product.[2] When comparing the claims to the accused device, "every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent."[3]

Upon finding infringement this Court may grant an injunction and/or shall award damages no less than a reasonable royalty.[4] In addition, for exceptional cases, this Court, in its discretion, may award attorneys' fees.[5]

### B. Defense of Failure to State a Claim

TRC's claims of antitrust and misuse should be dismissed. A claim may be dismissed for failure to state a claim if the claimant may not recover under any theory on facts alleged.[6]

---

[1] 35 U.S.C. § 271(a) (2004); DONALD S. CHISUM, CHISUM ON PATENTS v.5 § 16.01 (2004).
[2] Markman v. Westview Instruments Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc) *aff'd* 517 U.S. 370 (1996).
[3] Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991).
[4] 35 U.S.C. §§ 283, 284 (2004).
[5] 35 U.S.C. § 285 (2004); Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc).
[6] Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997).

**C. Defense of Waiver**

TRC cannot recover on its claims because TRC has waived its claims. The elements of an effective waiver are (1) an existing right; (2) knowledge of the right; and (3) an actual intention to relinquish that right.[7]

**D. Defense of Equitable Estoppel**

TRC should be equitably estopped from asserting its claims. The elements of equitable estoppel are: "1) a material misrepresentation by the party to be charged; 2) reasonable reliance thereon by the opposing party and 3) disadvantage resulting therefrom."[8]

**E. Defense of Laches**

TRC's claims should be barred under the defense of laches because TRC's "delay in bringing [its claim] was (1) unreasonable, and (2) resulted in prejudice to the opposing party."[9]

**F. Defense of Unclean Hands**

TRC's claims should be denied because the unclean hands doctrine relies on the maxim that "he who comes into equity must come in with clean hands."[10]

**G. Defense of Validity of the '199 Patent**

The '199 patent issued by the United States Patent and Trademark Office is presumed to be valid.[11] TRC bears the burden of proving invalidity.[12]

---

[7] 28 Am. Jur. 2d Estoppel and Waiver § 201 (2000); Irons v. Federal Bureau of Investigation, 880 F.2d 1446, 1452 (1st Cir.1989); Doyle v. Huntress, Inc., 301 F.Supp. 135, 149 (D.R.I. 2004).
[8] K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 912 (1st Cir.1989)
[9] Doyle, 301 F.Supp. at 149 (D.R.I. 2004) (quoting K-Mart Corp., 875 F.2d at 911); see also Wanlass v. Fedders Corp., 145 F.3d 1461 (Fed. Cir. 1998).
[10] Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F.Supp.2d 206, 228 (D.R.I. 2002); see also Codex Corp. v. Milgo Elec. Corp., 717 F.2d 622, 633 (1st Cir. 1983).
[11] 35 U.S.C. § 282 (2004).
[12] Id.

## H. Defense to Sherman Act and Patent Misuse Claim

TRC has not suffered any cognizable antitrust injury and Tower does not have market power in the relevant market.[13] This lawsuit was brought in good faith and therefore Tower is protected by Noerr-Pennington immunity.[14] With regard to the patent misuse claims, Tower cannot be deemed guilty of patent misuse simply by seeking to enforce its patent against an infringement.[15]

Dated: October 6, 2006

Respectfully Submitted,

/s/ Bruce W. Gladstone
Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

John J. Cotter
(*admitted pro hac vice*)
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

---

[13] Illinois Tool Works v. Independent Ink, Inc, 126 S.Ct. 1281 (2005)
[14] Professional Real Estate Investors, Inc. v. Columbia Pictures, 508 U.S. 49 (1993).
[15] 35 U.S.C. § 271(d)(3) (2004).

CERTIFICATION

The undersigned hereby certifies that on the 6th day of October, 2006, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

William R. Grimm
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401-274-2000
Facsimile: 401-277-9600
wgrimm@haslaw.com

Mitchell R. Edwards, Esquire
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Phone: 401-274-2000
Fax: 401-277-9600
medwards@haslaw.com

In addition, a copy of the foregoing was served via **first class mail, postage prepaid** upon the following attorneys of record, who have not been identified as ECF recipients:

William C. Bergmann, Esquire
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036

Conrad J. DeWitte, Esquire
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036

/s/ Bruce W. Gladstone