UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

v.

TECHNOLOGY RESEARCH CORPORATION,

Defendant.

Civil Action No. 06-212-T-DLM

Hon. Ernest C. Torres

**DEFENDANT'S MOTION TO STAY THIS ACTION**

Defendant Technology Research Corporation ("TRC") hereby moves this Court for entry of an order staying this action pending the outcome of a reexamination proceeding which has been requested for plaintiff's U.S. Patent Number 5,943,199 (the patent in suit). A Request for Reexamination of the '199 patent was filed by counsel for defendant on October 6, 2006, and is presently pending in the United States Patent and Trademark Office. The grounds for the motion are set forth in the accompanying Memorandum In Support of Defendant's Motion to Stay This Action. Defendant has discussed this matter with plaintiff's counsel and plaintiff's counsel has indicated that plaintiff has not decided whether it will oppose the motion.

WHEREFORE, defendant respectfully requests that the Court enter an order: granting this motion, staying this action pending the outcome of the Request for Reexamination and any ensuing reexamination before the United States Patent and Trademark Office, and granting such other and further relief as the Court may deem just and proper.

Date: October 10, 2006

Respectfully submitted,

/s/Mitchell R. Edwards

William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401.274.2000
Facsimile: 401.277.9600
wgrimm@haslaw.com
medwards@haslaw.com

William C. Bergmann
Kenneth Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Phone: 202.861.1500
Facsimile: 202.861.1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

Attorneys for Defendant, TECHNOLOGY RESEARCH CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2006, a copy of the foregoing Defendant's Motion to Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mitchell R. Edwards

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

v.

TECHNOLOGY RESEARCH CORPORATION,

Defendant.

Civil Action No. 06-212-T-DLM

Hon. Ernest C. Torres

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO STAY THIS ACTION**

Counsel for defendant Technology Research Corporation ("TRC") filed a Request for Reexamination of plaintiff Tower Manufacturing Corporation's ("Tower's") U.S. Patent Number 5,943,199 ("the '199 patent") in the United States Patent and Trademark Office ("PTO") on October 6, 2006. A copy of the Request is attached to the memorandum as Attachment 1. (The '199 patent is the patent in suit in this patent infringement action.) Under well-settled law, it is fully within the discretion of a District Court to stay all litigation proceedings pending the outcome of a reexamination proceeding in the PTO. This rule is particularly applicable when the litigation is, as it is here, in its early stages.

## I. Reexamination is a Speedy Process Clearly Defined by Federal Regulation

Tower filed this action alleging infringement of the '199 patent in response to TRC's prior (and still pending) action for patent infringement by Tower of TRC's U.S. Patent Number 6,292,337 in the U.S. District Court for the Middle District of Florida. It is apparent that the patent in this lawsuit claims a relatively obvious improvement to the existing technology, and

never should have been granted. Further, Tower itself does not even know which claims of the '199 patent are allegedly infringed. *See* Attachment 2.[1]

In an attempt to reduce the costs of the current dispute and efficiently resolve the issue of whether the '199 patent is valid, on October 6, 2006, counsel for TRC requested that the PTO reexamine the '199 patent. A reexamination is a cost-effective proceeding conducted in the PTO in which the PTO reconsiders the patentability of the claims of an already issued patent. In this way, TRC hopes to eliminate the need for duplicative and expensive court proceedings.

The reexamination proceedings have been instituted under 37 C.F.R. §§ 1.501 et. seq., which permit any party to request that the PTO reexamine a granted U.S. patent in light of a substantial new question of patentability. In its request for reexamination, counsel for TRC has presented prior art to the PTO that raises substantial new questions of patentability for each and every claim of the '199 patent.

The PTO has only three months from the date of request for reexamination to make a decision whether or not to grant reexamination of the patent. 37 C.F.R. § 1.515. If the PTO finds that a substantial new question of patentability exists, the request will be granted. 37 C.F.R. § 1.525. If the request for reexamination is granted, the PTO will issue an order, and Tower is given two months to respond by filing a statement on the new question of patentability, which may include amendments to the claims. 37 C.F.R. § 1.530. TRC is then given one opportunity to reply within two months from the date of Tower's statement. 37 C.F.R. § 1.535.

[1] Tower states in Attachment 2 that it "expects" to assert infringement of claims 1, 3, 4, and 6. This makes no sense, as claims 3 and 4 both depend on claim 2, and therefore cannot be infringed unless claim 2 is also infringed. "It is axiomatic that dependant claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." Whapeton Canvas Co., Inc. v. Frontier, Inc., 870 F.2d 1546, 1553 (Fed. Cir. 1989).

All proceedings connected to the reexamination are required by statute and regulations to be conducted with "special dispatch." See, e.g., 37 C.F.R. § 1.550.

During a reexamination, the PTO proceeds substantially as it would during initial examination of a patent application to determine the patentability of the subject matter claimed. See 37 C.F.R. §§ 1.550, 1.552. Tower will be required to clearly point out why the subject matter as claimed is not anticipated or rendered obvious by the prior art cited in the reexamination request. As a result of a reexamination proceeding, the claims of the patent may be amended or cancelled. See 37 C.F.R. § 1.530. If the claims are amended, intervening rights arise.

## II. The Court Has Discretion to Stay This Action Pending a Request for Reexamination

This case should be stayed in favor of the request for reexamination pending in the PTO. When parties have instituted co-pending litigation and reexamination proceedings, it is fully within the discretion of the trial court to stay the litigation pending the outcome of the PTO reexamination proceedings. Patlex Corp. v. Mossinghoff, 758 F.2d 594, 597 (Fed. Cir. 1985) (citing Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). A reexamination involves a determination of the patentability of the claims. This determination is directly relevant as it will assist the Court in resolving the matters of invalidity and non-infringement. One purpose of the reexamination statute is to "eliminate trial of [an infringement] issue (when the claim is cancelled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO when a claim survives the reexamination proceeding." Gould, 705 F.2d at 1342.

Additionally, because the reexamination proceedings, as discussed above, are to be conducted with "special dispatch," 37 C.F.R. § 1.550, any delay to the litigation as a result of a

stay will be minimal. The PTO must decide within three months from the request whether or not to grant the reexamination. If the reexamination request is granted, an order is issued by the PTO. Tower will be given a two-month period in which to respond to the order. TRC will, similarly, be given a two-month period to respond to Tower's arguments. Therefore, the present litigation will likely be stayed no more than seven months. At this early stage, this minimal delay causes no prejudice to the parties. The parties have not exchanged any documents in this litigation, Tower has yet to formally identify which claims are infringed, no depositions have occurred, and the parties have not briefed the Court on the issues of claim construction pursuant to *Markman v. Westview Inst., Inc.*, 517 U.S. 370 (1996) (claim construction is a question of law to be decided by the court).

PTO statistics reveal that between 2002 and 2005, 96% of requests for ex parte reexamination of patents have been granted. USPTO, Performance and Accountability Report, Fiscal Year 2005.[2] Thus, it is very likely that the PTO will grant this request for reexamination and it is also very likely that the claims of the '199 patent will not survive the reexamination proceedings intact.

Should the Court deny the motion to stay, the parties and the Court will be required to expend time and resources in efforts that may prove to be fruitless should the PTO amend or cancel the claims of the '199 patent after granting the request for reexamination. In particular, any *Markman* proceedings would be wasted, as the Court would be spending time construing claims which most likely will not survive the reexamination proceedings. It is therefore in the interests of both parties and the Court to stay the litigation at this time pending the outcome of the reexamination proceedings so that the expertise of the PTO may be brought to bear on the

[2] Available at http://www.uspto.gov/web/offices/com/annual/2005/060413a_table13a.html

questions of patentability of the claims of the '199 patent. Awaiting the outcome of the proceedings in the PTO will likely simplify, if not eliminate, the issues present in the current infringement litigation.

## III. Conclusion

For the foregoing reasons, TRC respectfully requests that the Court enter an order granting this motion, staying this action pending the outcome of the Request for Reexamination and any ensuing reexamination proceedings, and granting such other and further relief as the Court may deem just and proper.

Date: October 10, 2006

Respectfully submitted,

By: /s/Mitchell R. Edwards
William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401.274.2000
Facsimile: 401.277.9600
wgrimm@haslaw.com
medwards@haslaw.com

William C. Bergmann
Kenneth Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Phone: 202.861.1500
Facsimile: 202.861.1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

Attorneys for Defendant, TECHNOLOGY RESEARCH CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2006, a copy of the foregoing Memorandum in Support of Defendant's Motion to Stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mitchell R. Edwards