# ATTACHMENT 1

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | | |
|---|---|---|---|---|
| Patent No.: | **5,943,199** | ) | | |
| Issued: | August 24, 1999 | ) | Group No.: | Unassigned |
| Inventor: | Victor V. Aromin | ) | Examiner: | Unassigned |
| Serial No.: | 08/837,739 | ) | | |
| Filed: | April 22, 1997 | ) | | |

For: MINI APPLIANCE LEAKAGE CURRENT INTERRUPTER

**REQUEST FOR EX PARTE REEXAMINATION**

ASSISTANT COMMISSIONER FOR PATENTS
U.S. Patent & Trademark Office
P.O. Box 2327
Arlington, VA 22202

Dear Sir:

Pursuant to 37 C.F.R. §§ 1.501 et seq., ex parte reexamination is requested for all claims (claims 1-7) of U.S. Patent Number 5,943,199 ("the '199 patent"), attached to this Request as Appendix A. A copy of each document from the file wrapper of the '199 patent relied upon in this reexamination request is attached hereto as Appendices B, C, and D. Included at Appendix B is the Patentee's August 13, 1998 Amendment. Included at Appendix C is the Patentee's February 9, 1999 Amendment. Included at Appendix D is the Notice of Allowance and Fees Due.

A copy of each reference referred to in this reexamination request is attached as Appendices E, F, G, and H. Included at Appendix E is the table of contents and chapters 1 and 5 from Vern Solberg, Design Guidelines for Surface Mount Technology (1990) ("the Solberg reference"). Included at Appendix F is the table of contents and chapter 5 from Howard H.

Manko, Soldering Handbook for Printed Circuits and Surface Mounting (1986) ("the Manko reference"). Included at Appendix G is the datasheet for the Raytheon Company Semiconductor Division integrated circuit number RV4140, "Low Power Two-Wire Ground Fault Interrupter Controller" ("the RV4140 datasheet"). Included at Appendix H is U.S. Patent Number 5,406,436 to Doyle et al. titled "Shock Hazard Protection System" ("the '436 patent").

## The '199 Patent

### 1. Summary of Claims

Claims 1-7 of the '199 patent are directed to an appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load. The ALCI includes a fault detection circuit comprising an integrated circuit chip and a transformer, mounted on a single-sided circuit board. In particular, the '199 patent is directed to an ALCI wherein the integrated circuit is mounted on the top surface of the single-sided circuit board and a relay circuit and the transformer are mounted on the bottom surface of the single-sided circuit board. (The '199 patent, col. 8, lines 8-12).




FIG. 3
PRIOR ART




FIG. 8

The main difference between the prior art ALCI shown in FIG. 3 of the '199 patent and the claimed ALCI depicted in FIG. 8 is that the integrated circuit chip 31 has been moved to the other side of the circuit board, permitting some saving of space on the circuit board.

The specification also states that "[i]t should also be noted that the IC chip 31 is shown as being surface mounted on side 73. If desired, however, IC chip 31 could be mounted on side 73 of board 71 by wires and solder." Col. 6, lines 57-60.

**2. Prosecution History**

During the prosecution of the '199 patent the applicant argued on several occasions that the claims were distinguished over the prior art based on the relatively simple idea of mounting the integrated circuit (IC) chip on one side of the circuit board and the relay coil and transformer on the other side of the circuit board. The Patentee argued in his August 13, 1998 Amendment that none of the references taught the key feature of the invention. The Patentee stated:

> [a]t most, all [U.S. Patent Number 5,661,623 to] McDonald [included herein at Appendix I] states in col. 10, lines 28-31 is that resistors, capacitors and integrated circuits can be mounted on either side of the circuit board. No mention is made as to what specific components should be mounted, where or the advantages thereof. *Specifically, no teaching disclosure or suggestion is made to have the IC chip on the second side and the relay coil and transformer on the first side so that the overall size of the device can be made smaller.*

(August 13, 1998 Amendment, p. 4 (App. B, at B5) (underlining in original, italics added).)

The Patentee further argued that:

> [t]he defects present in [U.S. Patent Number 5,177,657 to] Baer [included herein at Appendix J]; i.e. normally open rather than normally closed switches, and an IC mounted on the second side rather than the first side are in no way cured by the addition of [U.S. Patent Number 5,513,076 to] Werther [included at Appendix K] for the specific reasons noted by the Examiner. Withdrawal of the rejection is respectfully urged. *The technology taught by Werther certainly would not teach, disclose or suggest having the IC chip in Baer on the second side of a circuit board and the other components on the first side of the circuit board.* In fact, Baer does not mention anything about the circuit board holding the components, let alone which component is on what side.

(August 13, 1998 amendment, p. 8 (App. B, at B9) (emphasis added).)

In a February 9, 1999 Amendment, independent claim 1 was specifically amended by adding the limitations that the IC chip is mounted on the top surface of the circuit board and the

relay circuit and transformer are mounted on the bottom surfaces. (App. C, at.C4). The other independent claim, claim 12 (which issued as claim 7), was added at that time and also contained the same very specific language that the IC chip is mounted on the top surface of the circuit board and the relay and transformer are mounted on the bottom surface. (App. C, at C2). The applicant characterized his invention in his February 9, 1999 Amendment by stating that:

> [t]he ALCI further includes a single-sided circuit board which is housed within a generally rectangular plug. The circuit board has a bottom surface and a top surface, the top surface having a pattern of conductive paths. The circuit components of the ALCI are mounted on the circuit board with the integrated circuit of the fault detection circuit surface mounted on the top surface.

(February 9, 1999 Amendment, p. 5 (App. C, at C5).)

The applicant further stated:

> In order to avoid any accidental reading of claim 1 on McDonald, applicant has amended claim 1 to recite that <u>the integrated circuit chip</u> is mounted on the <u>top surface</u> rather than the <u>second side</u> of the circuit board and that <u>the relay circuit</u> and <u>transformer</u> are mounted on the <u>bottom surface</u> rather than the <u>first side</u> of the circuit board. This is clearly <u>not</u> shown, taught or suggested in McDonald.

(February 9, 1999 Amendment, p. 7 (App. C, at C7) (emphasis in original).)

As stated as the Examiner's reason for allowance, "[t]he cited references do not teach or suggest a circuit for use in an appliance leakage current interrupter having a ground fault detection circuit comprising an integrated chip is mounted on one side of a single sided circuit board and a relay circuit and a transformer are mounted on the other side of the board." (Notice of Allowance and Fees Due, p. 2, ¶ 3 (App. D, at D3).)

**<u>Substantial New Questions of Patentability</u>**

Because the allegedly novel concept of mounting an integrated chip on one side of a circuit board and mounting other components such as a relay circuit and a transformer on the other side of a circuit board is disclosed in the prior art described below, reexamination of claims 1-7 is respectfully requested in view of the substantial new questions of patentability affecting

the claims. The prior art cited below was not before the Examiner during prosecution of the '199 patent.

In particular, claims 1-3, and 6 are rendered obvious by the combination of the RV4140 datasheet and the Solberg reference, and claims 4, 5, and 7 are rendered obvious by the combination of the RV4140 datasheet, the Solberg reference, and the '436 patent.

## 1. Discussion of Prior Art

The RV4140 Datasheet

The preferred embodiment of the '199 invention utilizes a Raytheon RV4140 integrated circuit chip. "Integrated circuit chip 31 is preferably an RV4140 model chip manufactured by Ratheon [sic] Corporation." Col. 5, lines 36-38. The data sheet for this chip was not disclosed to the PTO examiner, however. The RV4140 datasheet includes a block diagram of the RV4140 Low Power Two-Wire Ground Fault Interrupter Controller and design specifications therefore. (Appendix G).

A comparison of Figure 1 of the prior art data sheet for the RV4140 and FIG. 5 of the patent indicates that they are electrically almost identical, with the exception that the '199 FIG. 5 indicates that the pair of lines forming the primary winding are wrapped twice around the transformer coil. While this limitation shows up in dependent claim 2, it is not claimed in independent claim 1. Thus every component of claim 1 is disclosed by the RV4140 data sheet.




Figure 1. Appliance Leakage Detector Circuit Application

Figure 1 from Raytheon's 1994 Datasheet for the RV4140




*FIG. 5*

Figure 5 from the '199 patent

While the data sheet does not explicitly indicate where the integrated chip, relay circuit, and transformer are to be mounted, it does indicate that the integrated chip was available in a

surface mount technology (referred to as SMT or SOIC) package.[1] (App. G, at G5.) The integrated chip was also available in a dual in-line (DIP, or leaded) package. (App. G, at G5.)

The choice of two different IC chip packages (leaded or surface mount) presented by Raytheon was purposeful and one of ordinary skill in the art would have appreciated the choice as presenting the manufacturer of the ALCI with different options regarding how the IC chip was mounted on the circuit board. As will be demonstrated below, it would have been obvious to one of ordinary skill in the art at the time the '199 patent was filed to mount the surface mounted IC chip on one side of the circuit board and the through hole, traditional components such as the relay circuit and transformer on the other side of the circuit board in order to conserve space.

The Solberg Reference

The Solberg reference is a book titled "Design Guidelines for Surface Mount Technology," published in 1990. This reference was not before the examiner during the prosecution of the '199 patent. The Solberg reference discusses the various ways in which surface mounted components (SMT components) can be mounted on printed circuit boards, including single-sided circuit boards, particularly with reference to how traditional, through-hole leaded components would be mounted in instances in which the circuit includes both types of components. (This is the exact situation presented in the ALCI circuits shown in both the Raytheon 4140 datasheet and the ALCI shown in FIG. 5 of the '199 patent and claimed by claims 1 - 7 of the '199 patent). The Solberg reference teaches how the use of surface mount (SMT) components can be used in order to conserve space by mounting them on the opposite side of a circuit board:

[1] The relay circuit 15 is comprised of solenoid 23, SCR 25, and capacitor 27. Col. 4, lines 54-55. All of these components are shown in Figure 1 of the RV4140 data sheet.

> [w]hen the SMT component density exceeds that previously recommended, the surface area opposite the traditional component side, or side one, can be used.
>
> Transferring the lower-profile discrete components to side two will reduce component density with very little effect on overall assembly cost. Chapter 5 will illustrate two-sided SMT assembly layout and clearance guidelines in greater detail.

(Solberg, at 5 (App. E, at E11).)

The Solberg reference contains several figures showing the use of surface mounted components (such as an integrated circuit chip) on one side of a circuit board, with through-hole components (such as a relay coil or transformer) located on the opposite side. (Solberg, at 18 (App. E, at E24) (Fig. 1-20); p. 85 (App. E, at E34) (Figs. 5-9 and 5-10).) Figure 5-9 of Solberg shows a single-sided circuit board with the surface mounted component located on the opposite side of the through-hole component.

Importantly, the Solberg reference teaches that when designing a circuit that contains both surface mounted components (such as the RV4140 integrated chip) and active components (such as those in the relay circuit and the transformer), one can mount them on opposite sides of a single-sided circuit board:

> [u]nless all components chosen for the assembly are available in a surface-mounted configuration, mixing surface-mounted components with leaded devices will be unavoidable. One option open to the designer is the two-sided assembly. The majority of the active components [such as a relay coil or transformer] are mounted on side one, while chip components [such as an integrated circuit] are mounted on the opposite (wave solder) side, or side two.

(Solberg, at 5 (App. E, at E11).)

The Solberg reference further states:

> [c]areful placement of surface-mounted chip components will take advantage of small spaces unused by bulky leaded counterparts. By placing surface-mounted parts in close proximity to related lead-type parts, the circuit connection is kept short. This allows for more efficient use of the top side of the PC board, leaving the opposite side of the substrate free for interfacing with other lead-type components. Details are shown in FIG. 5-10.

> Mixing leaded components on the SMT assembly, of course, adds additional steps to the soldering process. Mixed technology will involve the use of additional fixtures and assembly equipment in an automated line. See FIG. 5-11.

(Solberg, at 85 (App. E, at E34).) Figure 5-9 shows the use of an integrated circuit chip on the side of a circuit board opposite a through-hole component. (Solberg, at 85 (App. E, at E34).)

From the above it is apparent that Solberg teaches the use of both sides of a single-sided circuit board in which the active components (such as a relay circuit) are located on one side and the chip components are located on the other side (the "wave solder" side, which has the conductive path). (The phrase "single-sided" circuit board is interpreted to mean a circuit board that has a conductive path traced on only one side). This teaching is repeated at Solberg p. 83 (App. E, at E32): "One option open to the circuit designer is the two-sided assembly. The majority of active components are mounted on side one, while chip components are mounted on the opposite (wave solder) side, or side two."

The Manko Reference

The Manko reference is a book titled "Soldering Handbook for Printed Circuits and Surface Mounting," published in 1986. The Manko reference was not before the examiner during the prosecution of the '199 patent. Like the Solberg reference, Manko teaches that the circuit designer will confront situations in which both surface mounted and soldered (leaded) components need to be combined on a single circuit board and that in doing so the surface mounted components can be mounted on the opposite side as the leaded components in order to conserve space:

> But we are far from being able to design sophisticated circuits using only surface mounted devices.
>
> For this and other practical reasons, in the near term, surface-mounted devices will be soldered on conventional boards with lower densities. *In the beginning, the total component density will be increased by the addition of*

> *surface-mounted components to the unused bottom of the board.* This trend will be furthered by cost pressures and production capabilities. Later, more and more boards, or portions of a board, will be dedicated to surface-mounting only. There is no rush to move into a dedicated technology in this area.

(Manko, at 170, emphasis added (App. F, at F8)). The Manko reference further teaches that surface mount components can be mounted on the top and bottom of boards to increase density, specifically noting that this would be "obvious." "The possible increase in density is obvious. These components can be mounted on the top and the bottom of a board, with little change." (Manko, at 171 (App. F, at F8).)

U.S. Patent Number 5,406,436

U.S. Patent Number 5,406,436 discloses a prong assembly for supplying power from the source of power to the remainder of said appliance leakage current interrupter. The Doyle reference was not before the examiner during the prosecution of the '199 patent.

**2. Analysis of Claims of the '199 Patent in View of Prior Art**

Claim 1

Claim 1 is an independent claim directed to an appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load. As shown in the chart below, each of the limitations of claim 1 is disclosed by the RV4140 datasheet in combination with the Solberg reference.

| | |
|---|---|
| 1. An appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load, said appliance leakage current interrupter comprising: | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1). |
| a. a circuit breaker having a pair of normally closed switches, one switch being located in each of said lines between the source of power and the load; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: normally latching closed contacts). |

| | |
|---|---|
| b. a relay circuit for selectively opening the pair of normally closed switches; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: solenoid, SCR, and capacitor). |
| c. a fault detection circuit for detecting the presence of a ground fault condition in said pair of lines and for causing said relay circuit to open said circuit breaker when said fault condition detected exceeds a predetermined value, said fault detection circuit comprising an integrated circuit chip and a transformer; and | RV4140 datasheet at 3-825 (App. G., at G6) (Block Diagram); p. 3-828 (App. G., at G9) (Schematic Diagram); p. 3-827 (App. G, at G8) (Figure 1 shows integrated circuit chip RV4140 used with a sense transformer). |
| d. a single-sided circuit board, said single-sided circuit board having a bottom surface and a top surface, the top surface having a pattern of conductive paths; | Solberg, at 3 (App. E, at E9) (Fig. 1-1 shows land patterns for surface mount components connected to traces.); p. 7 (App. E, at E13) (Fig. 1-5 shows a conductor routed between the land patterns for surface mount components.); p. 10 ( App. E, at E16) (Fig. 1-8 shows traces on one side of a circuit board); <u>see also</u> p. 78, 80 (App. E, E27, E29) (discussing Fig. 5-3 which indicates that it is the preference of circuit designers to minimize the number of layers on a circuit board); p. 85 (App. E, at E34) (Figure 5-9 of Solberg shows a single-sided circuit board with the surface mounted component located on the opposite side of the through-hole component). |
| e. wherein said integrated circuit chip is mounted on the top surface of said single-sided circuit board and wherein said relay circuit and said transformer are mounted on the bottom surface of said single-sided circuit board. | Solberg, at 18 (App. E, at E24) (Fig. 1-20 shows an integrated circuit mounted on a circuit board opposite large through hole components); p. 83 (App. E, at E32) (stating that "One option open to the circuit designer is the two-sided assembly. The majority of active components are mounted on side one, while chip components are mounted on the opposite (wave solder) side, or side two."); p. 84-85 (App. E, at E33-E34) ("Careful placement of surface-mounted chip components will take advantage of small spaces unused by bulky leaded counterparts."); p. 85 (App. E, at E34) (Fig. 5-9 shows a leaded component located on a single-sided printed circuit board opposite a surface mounted integrated circuit.). |

To establish a prima facie case of obviousness, three criteria must be met. First, there must be some suggestion or motivation, to modify the references or to combine reference teachings. Second, there must be reasonable expectation of success. Finally, the prior art must teach all the claim limitations. MPEP § 2142.

There is a motivation to combine the teachings of the RV4140 datasheet and the Solberg reference. The RV4140 is an integrated circuit for use in a circuit contained on a printed circuit board (PCB) that acts as a low power controller for AC outlet appliance leakage circuit interrupters. (RV4140 datasheet at 3-823 (App. G, at G4).) The RV4140 is designed for use as part of an appliance leakage detector circuit. (RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1).) The RV4140 is provided in a through-hole dual inline pin (DIP) package, and also in surface mountable small outline integrated circuit (SOIC) package. (RV4140 datasheet at 3-824 (App. G, at G5).) The Solberg reference describes techniques to be used in the manufacture and design of circuit boards. The Solberg reference clearly presents methods for efficiently utilizing surface mount and through hole components in a PCB design to minimize the size of a given PCB. Solberg, at 83-85 (App. E, at E32-E34). It is reasonable that a circuit designer would use the general techniques discussed in the Solberg reference to minimize the size of a PCB including the RV4140.

There is a reasonable expectation of success when combining the teachings of the RV4140 datasheet and the Solberg reference. When combining the teachings of the RV4140 datasheet and the Solberg reference, the Solberg reference clearly states that it would be possible to design a PCB including components on both sides of the circuit board using its teachings. (Solberg, at 83-85 (App. E, at E32-E34).) Further, the Raytheon would not have offered the

RV4140 in a surface mounted package for use with the through-hole components depicted in its sample ALCI circuit unless there was an expectation that the combination would work.

As shown in the chart above, the combination of the RV4140 ALCI datasheet and the Solberg reference teaches all of the claim limitation. As shown above, the combination of the RV4140 datasheet and the Solberg reference disclose, at least one year prior to the filing of the '199 patent, the appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load of claim 1. Thus, it would have been obvious to one of ordinary skill in the art to combine the teachings of the RV4140 datasheet and the Solberg reference to develop the claimed invention.

The Manko reference also teaches the mounting of surface mounted components on one side of a circuit board and through-hole components on the other side in order to increase density. For the reasons stated above in connection with the Solberg reference, it would also have been obvious to combine the RV4140 ALCI datasheet and the Manko reference to achieve the ALCI of claim 1.

For at least the foregoing reasons, reexamination of claim 1 is earnestly solicited.

<u>Claim 2</u>

Claim 2 is dependent on claim 1 and adds the limitation that: "said transformer includes a common core having three laminated layers, a primary winding and a secondary winding, said pair of lines serving as the primary winding for the transformer, each of said pair of lines being wrapped twice around the core of said transformer." The RV4140 datasheet discloses a transformer including a common core having three laminated layers, a primary winding and a secondary winding, said pair of lines serving as a primary winding for the transformer. (The RV4140 datasheet at 3-826 (App. G, at G7) (col. 1, ¶ 2); p. 3-827 (App. G, at G8) (Figure 1).)

While the RV4140 datasheet does not specifically disclose each of the pair of lines being wrapped twice around the core of the transformer, it does disclose the secondary winding of the transformer being wrapped with a range of 500 to 1000 times around the core of the transformer (Id.), and states that Magnetic Materials Corporation supplies a full line of ring cores and transformers designed specifically for GFCI and related applications. (Id., column 2). It was well known in the art at the time of the '199 filing that one could vary the number of times which lines are wrapped around transformer cores in order to vary the transformer properties, including decreasing its size.

As shown in the chart above, the combination of the RV4140 datasheet and the Solberg reference (or the Manko reference) teaches all of the claim limitations of dependent claim 1. In addition, the RV4140 datasheet discloses the limitations which are added by dependent claim 2. Thus, at least one year prior to the filing of the '199 patent, the invention claimed in claim 2 would have been obvious to one of ordinary skill 2.

Claim 3

Claim 3 is dependent on claim 2 and adds the limitation of "a generally rectangular-shaped housing, said housing being mounted on an end of an electrical cord connected to the load, said electrical cord having a longitudinal axis." FIG. 3 of the '199 patent, which is admittedly prior art, discloses a generally rectangular-shaped housing, said housing being mounted on an end of an electrical cord connected to the load, said electrical cord having a longitudinal axis.

In addition, the '436 patent discloses a shock hazard protection system having a generally rectangular shaped housing being mounted on an end of an electrical cord connected to the load, said electrical cord having a longitudinal axis. (The '436 patent, FIG. 1 (App. H, at H2).)

As shown above, the combination of the RV4140 datasheet and the Solberg reference teaches all of the claim limitations of claims 1 and 2, at least one year prior to the filing of the '199 patent. It would have been obvious to one of ordinary skill in the art to house the claimed ALCI in a rectangular shaped housing. This was already admittedly in the prior art (FIG. 3 of the '199 patent) and is also shown in the '436 patent. For at least the foregoing reasons, reexamination of claim 3 is earnestly solicited.

Claim 4

Claim 4 is dependent on claim 2 and adds the following limitations, which are all shown in the '436 patent:

| | |
|---|---|
| a prong assembly for supplying power from the source of power to the remainder of said appliance leakage current interrupter, said prong assembly comprising: | The '436 patent, FIG. 9, plug insertion blades 632. |
| a) a pair of contact prongs which extend through said housing; | The '436 patent, FIG. 9, plug insertion blades 632. |
| b) a pair of conductive bracket arms positioned within said housing, each bracket arm being in contact with an associated contact prong; and | The '436 patent, FIGS. 11 & 12, movable contact arms 606 and 608. |
| c) a pair of conductive contact arms pivotally mounted within said housing, each contact arm capable of selective contact with an associated bracket arm, said contact arms being connected to the remainder of said appliance leakage current interrupter such that only when each contact arm is in contact with its associated bracket arm, power is supplied to said appliance leakage current interrupter. | The '436 patent, FIGS. 11 & 12, movable contact arms 606 and 608. |

To establish a prima facie case of obviousness, three criteria must be met. First, there must be some suggestion or motivation, to modify the references or to combine reference

teachings. Second, there must be reasonable expectation of success. Finally, the prior art must teach all the claim limitations. MPEP § 2142.

As was discussed above, there is a motivation to combine the teachings of the RV4140 datasheet and the Solberg reference in order to achieve the ALCI claimed by claim 2, and a reasonable expectation of success. The additional limitations added by claim 4 would have been obvious to one of ordinary skill in the art in view of the '436 patent, which discloses all of the limitations of claim 4. The '436 patent discloses a prong assembly for supplying power from the source of power to the remainder of said appliance leakage current interrupter (ALCI). It would have been obvious to apply the teaching of this ALCI patent to the ALCI shown in the RV4140 datasheet to arrive at the claimed combination, and there would be a reasonable expectation of success.

As shown above, the combination of the RV4140 datasheet, the Solberg reference, and the '436 patent teaches all of the claim limitations, at least one year prior to the filing of the '199 patent. For at least the foregoing reasons, reexamination of claim 4 is earnestly solicited.

Claim 5

Claim 5 is dependent on claim 4 and adds the limitation that the pair of prongs extend out from said housing at an angle of 180 degrees from the longitudinal axis of the cord. The '436 patent discloses the pair of prongs extending out from the housing at an angle of 180 degrees from the longitudinal axis of the cord. (The '436 patent, FIG. 9.) Thus, the analysis for claim 4 above applies to claim 5 and the invention of claim 5 would have been obvious to one of ordinary skill in the art at least one year prior to the filing of the '199 patent. For at least the foregoing reasons, reexamination of claim 5 is earnestly solicited.

Claim 6

Claim 6 is dependent on claim 1 and adds the limitation that the integrated circuit chip is surface mounted on the second side of said single-sided circuit board. The RV4140 datasheet discloses that the IC chip can be surface mounted, and the Solberg reference discloses an integrated circuit chip surface mounted on the second side of a single-sided circuit board. (Solberg, at 18 (App. E, at E24) (Fig. 1-20, showing an integrated circuit mounted on a circuit board opposite large through hole components); p. 83 (App. E, at E32) (stating that "One option open to the circuit designer is the two-sided assembly. The majority of active components are mounted on side one, while chip components are mounted on the opposite (wave solder) side, or side two."), p. 84-85 (App. E, at E33-E34) ("Careful placement of surface-mounted chip components will take advantage of small spaces unused by bulky leaded counterparts."); p. 85 (App. E, at E34) (Fig. 5-9, showing a leaded component located on a printed circuit board opposite a surface mounted integrated circuit.).)

Thus, the invention of claim 6 would have been obvious to one of ordinary skill in the art in view of the teachings of the RV4140 datasheet and the Solberg reference. For at least the foregoing reasons, reexamination of claim 6 is earnestly solicited.

Claim 7

Claim 7 is an appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load. Claim 7 is very similar to claim 1 and its dependent claims 2-6, but re-written as one large independent claim. Each of the limitations of claim 7 is disclosed in the RV4140 datasheet, the Solberg, and the '436 references. The following is a claim chart specifically pointing to sections of the RV4140 datasheet, the Solberg reference, and the '436 patent that disclosed the limitations.

| | |
|---|---|
| An appliance leakage current interrupter (ALCI) for interrupting the flow of current through a pair of lines extending between a source of power and a load, said appliance leakage current interrupter comprising: | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1). |
| a. a circuit breaker having a pair of normally closed switches, one switch being located in each of said lines between the source of power and the load; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1, normally latching closed contacts). |
| b. a relay circuit for selectively opening the pair of normally closed switches; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1, solenoid). |
| c. a fault detection circuit for detecting the presence of a ground fault condition in said pair of lines and for causing said relay circuit to open said circuit breaker when said fault condition detected exceeds a predetermined value, said fault detection circuit comprising an integrated circuit chip and a transformer; | RV4140 datasheet at 3-825 (App. G, at G6) (Block Diagram); p. 3-828 (App. G, at G9) (Schematic Diagram); p. 3-827 (App. E, at G6) (Figure 1, showing integrated circuit chip RV4140 used with a sense transformer). |
| d. a single-sided circuit board having a bottom surface and a top surface, the top surface having a pattern of conductive paths; | Solberg, at 3 (App. E, at E9) (Fig. 1-1, showing land patterns for surface mount components connected to traces.); p. 7 (App. E, at E13) (Fig. 1-5, showing a conductor routed between the land patterns for surface mount components.); p. 10 (App. E, at E16) (Fig. 1-8, showing traces on one side of a circuit board); see also p. 78, 80 (App. E, at E27, E29) (discussing Fig. 5-3 which indicates that it is the preference of circuit designers to minimize the number of layers on a circuit board). |

| | |
|---|---|
| e. said integrated circuit chip being mounted on the top surface of said single-sided circuit board and said relay circuit and transformer being mounted on said bottom surface, | Solberg, at 18 (App. E, at E24) (Fig. 1-20, showing an integrated circuit mounted on a circuit board opposite large through hole components); p. 83 (App. E, at E32) (stating that "One option open to the circuit designer is the two-sided assembly. The majority of active components are mounted on side one, while chip components are mounted on the opposite (wave solder) side, or side two."); p. 84-85 (App. E, at E33-E34) ("Careful placement of surface-mounted chip components will take advantage of small spaces unused by bulky leaded counterparts."); p. 85 (App. E, at E34) (Fig. 5-9, showing a leaded component located on a printed circuit board opposite a surface mounted integrated circuit.). |
| said transformer including a common core having three laminated layers, a primary winding and a secondary winding, said pair of lines serving as the primary winding for the transformer, each of said pair of lines being wrapped twice around the core of said transformer; | The RV4140 datasheet discloses a transformer including a common core having three laminated layers, a primary winding and a secondary winding, said pair of lines serving as a primary winding for the transformer. The RV4140 datasheet at 3-826 (App. G, at G7) (col. 1, ¶ 2), and Figure 1 (App. G, at G8). The RV4140 datasheet does not disclose each of the pair of lines being wrapped twice around the core of the transformer. However, the RV4140 datasheet does disclose the secondary winding of the transformer being wrapped 500 to 1000 times around the core of the transformer. The RV4140 datasheet at 3-826 (App. G, at G7) (col. 1, ¶ 2), and Figure 1 (App. G, at G8). |
| f. a generally rectangular-shaped housing, said housing being mounted on an end of an electrical cord connected to the load, said electrical cord having a longitudinal axis; | The '436 patent discloses a shock hazard protection system having a generally rectangular shaped housing being mounted on an end of an electrical cord connected to the load, said electrical cord having a longitudinal axis. (The '436 patent, FIG. 1.) |
| g. a prong assembly for supplying power form the source of power to the remainder of said appliance leakage current interrupter, said prong assembly comprising: | The '436 patent, FIG. 9, plug insertion blades 632. |

| | |
|---|---|
| i. a pair of contact prongs which extend through said housing; | The '436 patent, FIG. 9, plug insertion blades 632. |
| ii. a pair of conductive bracket arms positioned within said housing, each bracket arm being in contact with an associated contact prong; and | The '436 patent, FIGS. 11 & 12, movable contact arms 606 and 608. |
| iii. a pair of conductive contact arms pivotally mounted within said housing, each contact arm capable of selective contact with an associated bracket arm, said contact arms being connected to the remainder of said appliance leakage current interrupter such that only when each contact arm is in contact with its associated bracket arm, power is supplied to said appliance leakage current interrupter; | The '436 patent, FIGS. 11 & 12, movable contact arms 606 and 608. |
| iv. said pair of prongs extend out from said housing at an angle of 90 degrees from the longitudinal axis of the cord; | The '436 patent discloses the pair of prongs extending out from the housing at an angle of 180 degrees from the longitudinal axis of the cord. (The '436 patent, FIG. 9.) |
| h. a power supply circuit for providing alternating current to the integrated circuit chip, said power supply circuit comprising a metal oxide varistor for providing surge suppression from the source of power and a voltage dropping resistor for supplying the appropriate alternating current voltage that is required by the integrated circuit chip; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: MOV (metal oxide varistor, RSET (voltage dropping resistor)). |
| i. a test circuit for testing whether said appliance leakage current interrupter is properly functioning; | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: RTEST and Test Button). |
| j. said relay circuit comprising a solenoid for selectively opening the pair of switches and a rectifier for energizing the solenoid upon detection of a ground fault condition; and | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: solenoid and Q1 (rectifier)). |

| | |
|---|---|
| k. a reset assembly for resetting said appliance leakage current interrupter after detection of a ground fault condition, said reset assembly being capable of pivoting each of the contact arms out of contact form its associated bracket arm to create an open connection, thereby preventing power from being supplied to said appliance leakage current interrupter. | RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1: Normally Latching Closed Contacts). |

To establish a prima facie case of obviousness, three criteria must be met. First, there must be some suggestion or motivation, to modify the references or to combine reference teachings. Second, there must be reasonable expectation of success. Finally, the prior art must teach all the claim limitations. MPEP § 2142.

There is a motivation to combine the teachings of the RV4140 datasheet, the Solberg reference, and the '436 patent. The analysis with respect to claims 1-6 above applies but will be summarized here for completeness. The RV4140 is an integrated circuit for use in a circuit contained on a printed circuit board (PCB) that acts as a low power controller for AC outlet appliance leakage circuit interrupters. (RV4140 datasheet at 3-823 (App. G, at G4).) The RV4140 is designed for use as part of an appliance leakage detector circuit. (RV4140 datasheet at 3-827 (App. G, at G8) (Figure 1).) The RV4140 is provided in a through-hole dual inline pin (DIP) package, and also in surface mountable small outline integrated circuit (SOIC) package. (RV4140 datasheet at 3-824 (App. G, at G5).) The Solberg reference describes techniques to be used in the manufacture and design of circuit boards. The Solberg reference clearly presents methods for efficiently utilizing surface mount and through hole components in a PCB design to minimize the size of a given PCB. Solberg, at 83-85 (App. E, at E32-E34). It is reasonable that a circuit designer would use the general techniques discussed in the Solberg reference to minimize the size of a PCB including the RV4140.

Furthermore, the RV4140 datasheet shows the RV4140 used in a circuit including a normally latching closed contact switch. (RV4140 datasheet, at 3-827 (App. G, at G4) (Figure 1).) The '436 patent discloses a normally latching closed contact switch. (The '436 patent, col. 7, line 42-col. 9, line 42, FIGS. 5-12.) Thus, it is reasonable that a circuit designer would use the general techniques disclosed in the '436 patent, which is generally related to consumer electrical equipment safety, when constructing a circuit for use with the RV4140.

There is a reasonable expectation of success when combining the teachings of the RV4140 datasheet and the Solberg reference. When combining the teachings of the RV4140 datasheet and the Solberg reference, the Solberg reference clearly states that it would be possible to design a PCB including components on both sides of the circuit board using its teachings. (Solberg, at 83-85 (App. E, at E32-E34).) Furthermore, the '436 patent merely discloses one type of normally latching closed contract switch for use with a consumer electric device, but clearly could be used with other devices (such as an ALCI).

As shown in the chart above, the combination of the RV4140 datasheet, the Solberg reference, and the '436 patent teaches all of the claim limitation. The combination of the RV4140 datasheet and the Solberg reference disclose, at least one year prior to the filing of the '199 patent, all the limitations of claim 7. For at least the foregoing reasons, reexamination of claim 7 is earnestly solicited.

**Conclusion**

In light of the foregoing, an order granting ex parte reexamination of U.S. Patent Number 5,943,199 is earnestly solicited. Pursuant to 37 CFR 1.20(c)(1) the fee of $2,520.00 is hereby authorized to be charged to Deposit Account No. 50-2036. No additional fee is believed due in connection with this matter. However, should an additional fee be necessary for consideration of this request, it may also be charged to Deposit Account No. 50-2036.

Respectfully submitted,

BAKER & HOSTETLER LLP

William C. Bergmann

William C. Bergmann
Reg. No. 34,294

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone : 202-861-1682
Facsimile: 202-861-1783
DATE: October 5, 2007

## CERTIFICATION OF SERVICE

Requestor hereby certifies that the Request for Ex Parte Reexamination was served on this ___6th___ day of October, 2006 on the attorney of record, Kriegsman & Kriegsman, at the address provided for under 37 C.F.R. 1.33 (c):

Kriegsman & Kriegsman
30 Turnpike Road, Suite 9
Southborough, Massachusetts 01772
Phone : (508) 481-3500
Fax: (508) 481-3223
info@kriegsmanlaw.com

and

Kriegsman & Kriegsman
665 Franklin Street
Framingham, Massachusetts 01701
Phone: (508) 879-3500

Conrad J. DeWitte, Jr. [signature]

Conrad J. DeWitte, Jr.

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

**Attorney Docket No.:** 77237.00002

**Date:**

1. [X] This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 5,943,199 issued August 24, 1999. The request is made by:

   [ ] patent owner. [X] third party requester.

2. [X] The name and address of the person requesting reexamination is:
   Baker & Hostetler LLP
   1050 Connecticut Avenue, N.W., Suite 1100
   Washington, DC 20036

3. [ ] a. A check in the amount of $______ is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);
   [X] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to Deposit Account No. 50-2036 (submit duplicative copy for fee processing); or
   [ ] c. Payment by credit card. Form PTO-2038 is attached.

4. [X] Any refund should be made by [ ] check or [X] credit to Deposit Account No. 50-2036. 37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. [X] A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.510(b)(4)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*

   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. [ ] CD-ROM (2 copies) or CD-R (2 copies); **or**
      ii. [ ] paper
   c. [ ] Statements verifying identity of above copies

8. [ ] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. [X] Reexamination of claim(s) 1, 2, 3, 4, 5, 6 and 7 is requested.

10. [X] A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO/SB/08, PTO-1449, or equivalent.

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.



This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [X] The attached detailed request includes at least the following items:

a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. [ ] A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. [X] a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

Kriegsman & Kriegsman
665 Franklin Street
Framingham, MA 01701

Date of Service: ______________________; or

[ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

[X] The address associated with Customer Number: 50-2036

*OR*

| | |
|---|---|
| [ ] Firm or Individual Name | |
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

16. [X] The patent is currently the subject of the following concurrent proceeding(s):
[ ] a. Copending reissue Application No. ______________________
[ ] b. Copending reexamination Control No. ______________________
[ ] c. Copending Interference No. ______________________
[X] d. Copending litigation styled:
Tower Manufacturing Corporation v. Technology Research Corporation, U.S. District Court for the District of Rhode Island, Case No. 06-212-T-DLM

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

WCBergmann
Authorized Signature

10/6/06
Date

William C. Bergmann
Typed/Printed Name

34,294
Registration No.

[ ] For Patent Owner Requester
[X] For Third Party Requester

PTO/SB/08a (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449A/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

Sheet 1 of 2

| Complete if Known | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Victor V. Aromin |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | 77237.00002 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 5943199 | Aug 24, 1999 | Aromin | Fig. 1, Fig. 2, Fig. 3 |
| | | US- 5406436 | April 11, 1995 | Doyle, et al. | Fig.1,9,11,12 |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08b (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449B/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Victor V. Aromin |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | 77237.00002 |

Sheet 2 of 2

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | | RAYTHEON SEMICONDUCTOR, 1994 Databook, 1993, 3-823--3-828, Raytheon Company Semiconductor Division, U.S.A. | |
| | | VERN SOLBERG, Design Guidelines for Surface Mount Technology, 1990, 1-19 & 77-81, TAB BOOKS, INC., Blue Ridge Summit, Pennsylvania. | |
| | | HOWARD H. MANKO, Soldering Handbook for Printed Circuits and Surface Mounting, 1986, 169-218, Van Nostrand Reinhold Company, Inc., New York, New York. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*