IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>TECHNOLOGY RESEARCH CORPORATION,<br>Defendant. | Civil Action No. 06-212-T-DLM |

**PLAINTIFF TOWER'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO STAY THIS ACTION**

Technology Research Corporation's ("TRC") Motion to Stay this Action, which is simply an often tried tactic of defendants to delay a decision on infringement, should be denied. Waiting five months after this action was filed, after automatic disclosures were served, and after discovery was commenced, TRC filed a request for reexamination of the patent in suit, U.S. Patent No. 5,943,199 (the "'199 patent") in the United States Patent and Trademark Office. TRC now seeks to stay this action until the resolution of any reexamination proceeding. If the Patent Office grants TRC's request and decides to reexamine -- a decision that could take three or more months -- the reexamination itself will take at least a year to two years or more to be completed. In any case, a reexamination, even if granted, is unlikely to have significant impact on this case.

This Court should do what many courts do when accused infringers attempt to delay court adjudication via reexamination, and allow the case to proceed, for the following reasons:

1) granting a stay would result a year or more of delay and therefore unduly prejudice Tower, which is entitled to have its presumptively valid patent claims and TRC's infringement adjudicated now;

2) the Patent Office has yet to grant TRC's reexamination request, and even if it does, a reexamination is not likely to simplify the issues because most reexaminations result in either the same or similar patent claims; and

3) discovery was under way before TRC filed its reexamination request and before TRC moved to stay.

Therefore, the Court should deny TRC's Motion to Stay these proceedings. As an alternative, the Court could elect to proceed with pretrial matters and defer only trial until after any reexamination is complete.

## I. STANDARD FOR THE GRANT OF A MOTION TO STAY A PROCEEDINGS

A Court has inherent power and discretion to manage its docket, and is not required to grant a Motion to Stay an action pending the conclusion of a Patent Office reexamination proceeding. Telemac Corp. v. Teledigital, Inc., 2006 U.S. Dist. LEXIS 68381 *8 (N.D. CA. Sept. 13, 2006), citing Ethicon v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts balance the following three factors in determining whether or not to grant a stay: (1) whether a stay would unduly prejudice the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) the state of the action. Id. All three factors favor proceeding with this case.

## II. A STAY WILL RESULT IN UNDUE PREJUDICE TO TOWER

### A. TRC's Reexamination Request is Yet Another Attempt by TRC to Delay This Action

TRC has shown a pattern of delay throughout this litigation. TRC requested additional time to answer the complaint, rescheduled the Hearing on the Motion for More Definite Statement, requested two two-week discovery extensions, provided Tower with unresponsive

documents,[1] and ignored Tower's requests to supplement.[2] TRC has taken every opportunity to delay this action.

TRC's reexamination request is simply another example of TRC's dilatory tactics. Courts have specifically disapproved of the use of reexamination as a "dilatory tactic." Freemann v. Minnesota Min. and Mfg., 661 F.Supp. 886, 888 (D. Del. 1987). Because TRC's reexamination request is simply another attempt to delay the adjudication of Tower's claims, TRC's Motion should be denied.

**B. TRC Misrepresents the Time Delay That Results From a Reexamination Request**

TRC claims that a reexamination will take only seven months to complete, but even the Patent Office is not that optimistic. When the Patent Office revamped the reexamination procedure in 2005, it set the target time for completion of a reexamination at two years. See USPTO Improves Process for Reviewing Patents, available at http://www.uspto.gov/web/offices/com/speeches/05-38.htm (last visited Oct. 27, 2006). The timeline TRC proposes ignores the lengthiest part of the process: the dialog between the Patent Office and the patentee. Once the patentee and requester have submitted their arguments at the end of the seventh month described by TRC, the Patent Office follows with an Office action roughly within 6-11 months and then the patentee has a further three months to respond. Additionally, more Office actions may ensue, lengthening the process. Thus, TRC's estimate is short by at least one year.

Further, although the Patent Office is technically supposed to decide whether to go forward with reexamination within three months, a recent case in Kansas illustrates that the

[1] TRC objected to Tower's discovery requests because TRC had moved for a stay one day prior to the due date of the discovery responses. Defendant's Response to Plaintiff's First Request for Production of Documents and Things, attached as Exhibit A, at General Objection No. 4 p.1.

[2] See Exhibit B, October 20, 2006 letter from Tower counsel to TRC counsel.

Patent Office fails to meet that goal. In Scriptopro LLC v. Wal-Mart Stores, 2006 U.S. Dist LEXIS 55456 (D. Kan. Aug. 8, 2006), the plaintiff filed a request for reexamination on March 30, 2006, but the Patent Office did not even decide to begin the reexamination process until August 25, 2006, a full five months later.[3] If TRC's request proceeds on that schedule, and a reexamination takes the two year target time recently set by the Patent Office, it will be at least two years before reexamination is complete.

Because a reexamination would likely last over two years and getting a case to trial takes an average of 21 months in this District,[4] staying this action could result in TRC's infringement and the harm it causes to Tower going unchecked for four years. Courts have recognized this protracted harm and have refused to enter a stay where the plaintiff may be injured by the defendant's competition and continued infringement if the trial is delayed. Output Technology Corp. v. Dataproducts Corp., 22 USPQ2d 1072, 1074 (W.D. WA. 1991).

## III. REEXAMINATION IS NOT LIKELY SIMPLIFY ISSUES FOR TRIAL

### A. TRC Has Filed a Weak Reexamination Request

TRC's reexamination request is based solely on an obviousness argument. TRC argues that a minimum of two and as many as four prior art references are needed render any claim of the '199 patent invalid for obviousness. TRC does not even suggest that any single prior art reference invalidates a claim for anticipation. Invalidating a patent based on obviousness is a difficult process that is necessarily more complicated than invalidation for anticipation. In fact, the Supreme Court has recently granted certiorari to attempt to untangle the web of complicated

[3] Information regarding the grant of the reexamination can be found in the court's docket (Dkt. No. 58) attached as Exhibit C.

[4] See Exhibit D, excerpt from U.S. District Courts Median Time Intervals From Filing to Disposition of Civil Cases available at http://www.uscourts.gov/caseload2005/tables/C03mar05.pdf, last accessed Oct. 27, 2006.

law related to obviousness. See KSR International Co. v. Teleflex Inc., 126 S.Ct. 2965 (2006). Additionally, Tower's review of TRC's reexamination request does not make Tower question its decision to bring this lawsuit. Simply stated, based on the references cited and arguments made in TRC's request, the request is unlikely to result in any changes to the claims for trial.

### B. Most Reexaminations Alter the Claims Slightly or Not at All

As noted in the attached letter by the American Intellectual Property Law Association (Exhibit E), very few reexaminations result in invalidity of the patent at issue. The Patent Office's statistics for reexamination proceedings through March 31, 2006 show that in patent reexaminations:

- 29% validate the original claims;
- Another 59% result in presumptively valid claims with some changes from their original form;
- Only 12% result in cancellation of all claims.

Additionally, TRC first has to have the Patent Office decide to accept TRC's reexamination request, and the above cited statistics do not reflect the 9% of reexamination requests that the Patent Office denies.

Given these statistics, it is unlikely that a reexamination of the '199 patent would simplify the issues for trial.

### C. This Action is Already a Simple Patent Case

This action involves one patent, one defendant and one product. The patent is relatively short, only seven columns of text and seven claims. It is unnecessary to prolong the resolution of such a simple case for the rare chance that the Patent Office will grant TRC's reexamination request and find the patent invalid over TRC's prior art. In any case, there is no need to delay discovery and other pretrial activities because the same or modified claims are likely to be in

force after any reexamination, and therefore, the same or similar factual and legal issues are likely to be present at trial even if a reexamination proceeds.

## IV. DISCOVERY IS UNDER WAY AND WILL CLOSE IN LESS THAN FIVE MONTHS

This action is not in its infancy. Initial disclosures have been made. Both sides have served and responded to interrogatories and discovery requests. Discovery is set to close on March 19, 2007, less than six months from the date of TRC's reexamination request. District Courts have refused to "issue stays where discovery has progressed as it has in this case (interrogatories and requests for production have been exchanged)." Output Technology Corp., 22 USPQ2d at 1074(denying defendant's motion to stay pending a Patent Office reexamination when discovery was "well under way" and was scheduled to close within seven months of the reexamination request). At this stage of the litigation, "[w]e are too far along in the road to justify halting the journey while the defendant explores an alternate route." Enprotech Corp. v. Autotech Corp., 15 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 1990)(court denied motion to stay).

## V. CONCLUSION

For the foregoing reasons, TRC's motion should be denied.

Dated: October 27, 2006

Respectfully Submitted,

/s/ Bruce W. Gladstone
Bruce W. Gladstone #2643
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

John J. Cotter
(*admitted pro hac vice*)
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Larissa S. Bifano
(*admitted pro hac vice*)
Email: lbifano@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 951-9139
Fax: (617) 261-3175

G:\pec\SHALO-TOWER 28123\Technology Research Corp\Pleadings\Objection_to_Mot_to_Stay.DOC

**CERTIFICATION**

The undersigned hereby certifies that on the 27th day of October, 2006, a copy of the foregoing was filed through the ECF system, and was served **electronically** to the following recipients identified as registered participants on the Notice of Electronic Filing (NEF):

| | |
|---|---|
| William R. Grimm, Esquire<br>Hinckley, Allen & Snyder LLP<br>50 Kennedy Plaza, Suite 1500<br>Providence, Rhode Island 02903 | Mitchell R. Edwards, Esquire<br>Hinckley, Allen & Snyder, LLP<br>50 Kennedy Plaza, Suite 1500<br>Providence, Rhode Island 02903 |
| | |

In addition, a copy of the foregoing was served via **first class mail, postage prepaid** upon the following attorneys of record, who have not been identified as ECF recipients:

| | |
|---|---|
| William C. Bergmann, Esquire<br>Baker & Hostetler LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue NW<br>Washington, DC 20036 | John J. Cotter, Esquire<br>Kirkpatrick & Lockhart Nicholson Graham LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111-2950 |
| | |
| Conrad J. DeWitte, Esquire<br>Baker & Hostetler, LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue NW<br>Washington, D.C. 20036 | Larissa S. Bifano, Attorney at Law<br>Kirkpatrick & Lockhart Nicholson Graham LLP<br>One Lincoln Street<br>Boston, MA 02111 |

/s/ Bruce W. Gladstone