# EXHIBIT E

AIPLA
AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION
2001 JEFFERSON DAVIS HIGHWAY ▪ SUITE 203 ▪ ARLINGTON, Virginia 22202

May 30, 2006

The Honorable Jon W. Dudas
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office
Mail Stop Comments
P.O. Box 1450
Alexandria, VA 22313-1450

Attn: Kenneth M. Schor
Senior Legal Advisor
Office of the Deputy Commissioner for
Patent Examination Policy

Comments on Proposed Rules: "Revisions and Technical Corrections Affecting Requirements for *Ex Parte* and *Inter Partes* Reexamination
71 Fed. Reg. 16072 (March 30, 2006)

Dear Under Secretary Dudas:

The American Intellectual Property Law Association (AIPLA) appreciates the opportunity to offer comments regarding the U.S. Patent and Trademark Office ("PTO") proposed rules directed to revisions and technical corrections affecting reexamination proceedings published at 71 Fed. Reg. 16072 (March 30, 2006).

AIPLA is a national bar association whose 16,000 members are primarily lawyers in private and corporate practice, in government service, and in the academic community. AIPLA represents a wide and diverse spectrum of individuals, companies, and institutions involved directly or indirectly in the practice of patent, trademark, copyright and unfair competition law, as well as other fields of law affecting intellectual property. Our members represent both patent owners and users of intellectual property.

The PTO has proposed several changes to the rules of practice relating to reexamination proceedings as follows:

Proposal I: To provide a patent owner an opportunity to reply to a request for an *ex parte* or *inter partes* reexamination prior to the examiner's decision on the request.

Proposal II: To prohibit supplemental patent owner responses to an Office action in an *inter partes* reexamination without a showing of sufficient cause.

Proposal III: To designate the correspondence address for the patent as the correct address for all notices, official letters, and other communications for patent owners.

Proposal IV: To make miscellaneous clarifying changes of an editorial nature in certain reexamination rules.

AIPLA fully supports the PTO in Proposals II and IV, and supports the change in Proposal III except as it would apply to pending reexamination proceedings, but questions the need for or the wisdom of the changes included in Proposal I.

In Proposal I, the PTO has proposed that the patent owner be given an opportunity to file a reply to a request for an *ex parte* or *inter partes* reexamination proceeding prior to the examiner's decision on the request. The Notice states that such a patent owner reply would address patentee concerns as to their current inability to address a request prior to an Order or decision granting the reexamination request. The Notice further states that the patent owner's input could improve the information/evidence for, and understanding of the issues by, the examiner before the examiner decided the request thus reducing improper or unnecessary orders. The PTO acknowledges that in *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 226 USPQ 985 (Fed. Cir. 1985), the propriety of the PTO's current regulatory prohibition (37 C.F.R. § 1.530(a)) of a patent owner response to a request prior to the decision on the request was upheld. That regulatory prohibition was adopted for *inter partes* reexamination (37 C.F.R. § 1.939(b)) effective up to the first action on the merits.

What is the evidence that suggests a need for a patent owner to have an opportunity to reply to a request for reexamination before a decision has been made by the PTO? Have requests been granted that should not have been granted because of incomplete or inaccurate information, or was the request granted because of the relatively low statutory threshold of a "substantial new question of patentability" to order reexamination, or was a request improperly granted by an examiner inexperienced in reexamination practices? It is not clear that the PTO has done any analysis to identify the cause(s) of a problem, if one exists.

The PTO has made a substantial improvement in the handling of reexamination proceedings by creating the new reexamination unit dedicated to these proceedings. While in operation for less than a year, it is clear that the processing of reexamination proceedings by this unit is a substantial improvement over the average reexamination experience before the reorganization. In general, reexamination proceedings are better managed, Office actions are more timely, detailed and thorough, and the quality of the work product is improved. The PTO is commended for taking this initiative that has already improved the reexamination processes.

It seems premature to introduce the opportunity for a patent owner to file a reply before the PTO makes a decision on the request before it is determined that the expertise being applied in the new reexamination unit will not avoid or at least minimize any problem that is identified. In addition, we are concerned that placing additional and perhaps unnecessary burdens on the new reexamination unit will not promote either the quality or special dispatch of the work being performed by the new reexamination unit.

PTO statistics (through March 31, 2006) indicate that 57% of the requests for *ex parte* reexamination proceedings are filed by third parties. About 9% of all requested *ex parte* reexamination proceedings are denied (7.2% of those filed by third parties are denied). Certificates issued on third party requested *ex parte* reexamination proceedings result in the cancellation of all claims in 12% of the proceedings and changes to the claims in 59% of the proceedings. Collectively, these statistics indicate that lack of opportunity to respond to a request does not adversely affect the patent owner in over 75% of the third party requested *ex parte* reexaminations. In the remaining reexamination proceedings, is there any evidence that the PTO has granted a request that would not have been granted after considering a patent owner statement filed in accordance with 35 U.S.C. § 304, and any third party reply also filed pursuant to § 304? What were the circumstances in these cases?

It is fairly typical in *ex parte* reexamination for a patent owner to forgo the opportunity to file a patent owner's statement where a reexamination request by a third party is granted. However, if the patent owner does not take this opportunity to address whether a prima facie case of unpatentability is presented by the reexamination request, then one of the potential consequences is that reexamination will commence so that the patent owner will have the opportunity to respond without any input from the

third party. If the patent owner is unable to persuade the PTO that a prima facie case of unpatentability has not been established, then it is difficult to see how the patent owner is prejudiced by the grant of reexamination.

A significant concern with the proposed practice is that it has the potential to significantly alter the balance between the patent owner and a third party in *ex parte* reexaminations in further favor of the patent owner. The *ex parte* reexamination proceeding is recognized as being one that is biased heavily in favor of the patent owner by excluding participation by the third party after the request is filed (unless the patent owner files a statement after the request is granted that would trigger only one additional opportunity for the third party to reply to any statement filed by the patent owner).

If, as the PTO is proposing, the patent owner is able to file a reply to the request before a decision by the PTO is made, it does not appear that the third party will have any opportunity to address any of the arguments or evidence relied on by the patent owner in that reply. We are not suggesting that the *ex parte* proceeding should be further burdened by such an opportunity. However, under the proposal, the patent owner effectively would have an opportunity to file a patent owner's statement before the PTO decision on the request and thereafter exclude the third party from further participation in the proceeding by simply not filing any patent owner's statement. In our view, the PTO should not bias the *ex parte* proceeding in further favor of the patent owner, and should not take steps that will create additional and unnecessary burdens on the reexamination unit that are likely to further weaken the incentives for third parties to provide useful information relevant to patentability to the PTO.

Finally, although we recognize that the potential bias argument is not applicable to *inter partes* reexamination proceedings, we are not aware of any problems with the grant of *inter partes* reexamination requests that do not meet the threshold standard for initiating reexamination. Unlike *ex parte* reexamination, an initial action on the merits by the PTO may accompany the order for *inter partes* reexamination. 35 U.S.C. § 313. Even in an *inter partes* proceeding, we are not aware of any justification for unnecessarily adding to the burdens of the reexamination unit or providing opportunities for the patent owner to delay the initiation of *inter partes* reexamination. Accordingly, for all the reasons set forth above, we are not persuaded that the changes suggested in Proposal I would improve the quality or special dispatch of the reexamination process, and do not support this proposal.

AIPLA supports the provisions in Proposal II, but requests clarification on how it is intended to operate in practice. If a patent owner files a supplemental response to a PTO action in an *inter partes* reexamination proceeding, we understand that it must be accompanied by a showing of sufficient cause. We further understand that the filing of that supplemental response, whether or not accompanied by an appropriate showing and whether or not the PTO ultimately enters the supplemental response, will trigger an opportunity for the third party to file written comments that may address both the supplemental response and any showing of sufficient cause. Please confirm whether our understanding is correct.

Under Proposal III, AIPLA supports the designation of the correspondence address for the patent as the correct address for all notices, official letters, and other communications for patent owners in reexamination proceedings. We note, however, that if this proposal is implemented in a pending reexamination proceeding, the PTO states that it will automatically change the correspondence address to that of the patent file. Rather than automatically changing the correspondence address in a pending reexamination proceeding, after a communication link has been established among the PTO, the patent owner and any third party, the PTO should maintain whatever correspondence address has been established and make a specific requirement of the patent owner to comply with the adopted regulation. It is unnecessary to create the risk of termination of the prosecution of a reexamination proceeding by sending correspondence to the patent owner at an address different than has already been established in the pending reexamination proceeding.

We have received some reports regarding a need for coordination of examination activities between the reexamination unit and examiners working on continuing applications, either of the same patent or those closely related to the patented invention undergoing reexamination. Now that the

reexamination unit has been established separate from any patent examining group or technology center, there is an increased possibility of examiners working in different areas of the PTO examining the same subject matter. The PTO should take steps to ensure that similar issues arising in these related cases are handled in a technically and legally consistent manner.

We appreciate the opportunity to provide comments on the proposed rules and are available to assist the PTO in further developing patent practice and procedures.

Sincerely,

Michael K. Kirk

Michael K. Kirk
Executive Director