# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

vs.

TECHNOLOGY RESEARCH CORPORATION,

Defendant.

Civil Action No. 06-212-T-DLM

Hon. Ernest C. Torres

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff Technology Research Corporation ("TRC"), hereby responds to Defendant's Request for Production of Documents.

**GENERAL OBJECTIONS**

The following general responses and objections are incorporated into each of TRC's individual responses as if set forth in full even if not repeated therein:

1. TRC objects to producing any documents or disclosing any information protected by the attorney-client or work-product privileges.

2. Investigation and discovery in this matter is continuing and TRC reserves the right to revise and supplement the responses to the requests as discovery proceeds.

3. TRC objects to any definition or instruction inconsistent with the Federal Rules of Civil Procedure.

4. TRC objects to the Interrogatory and accompanying Document Request Sets in their entirety as unduly burdensome in view of TRC's motion to stay these proceedings pending the resolution of the Request for Reexamination of the patent in suit filed with the Patent and Trademark Office.

TRC will not produce any documents to plaintiff until a protective order granted by the Court.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents and things that were reviewed, referred to, relied upon, consulted, or identified in connection with investigating and responding to Tower's First Set of Interrogatories.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. TRC further objects to this interrogatory as irrelevant to the extent that it requests documents and things relating to information unrelated to the present suit, as such information would not relate to any claim or defense in this action. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 2:**

All documents and things referring or relating to the subject matter of Tower's First Set of Interrogatories.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 3:**

All documents and things referring or relating to the '199 patent.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 4:**

All documents, things, and documentations of events that you may assert as prior art against the '199 patent.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. Without waiving its objections, TRC directs the plaintiff's attention to the Request for Reexaminiation of U.S. Patent Number 5,943,199, filed on Friday, October, 6, 2006, which has already been provided to the plaintiff. Without waiving its objections, TRC will produce additional documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 5:**

All documents and things referring or relating to the date and circumstances of TRC first becoming aware of the '199 patent.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. Without waiving

its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**<u>REQUEST NO. 6</u>:**

All documents and things referring or relating to any opinion, advice, or comments of any person involving the validity or invalidity of any claim of the '199 patent under the provisions of Title 35, or the enforceability, infringement, or scope of the '199 patent or any claim of the '199 patent.

**<u>RESPONSE</u>:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. Without waiving its objections, TRC directs the plaintiff's attention to the Request for Reexaminiation of U.S. Patent Number 5,943,199, filed on Friday, October, 6, 2006, which has already been provided to the plaintiff. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**<u>REQUEST NO. 7</u>:**

All documents and things referring or relating to the prosecution history of the '199 patent or of any application that claims priority to the '199 patent or of any application to which the '199 patent claims priority.

**<u>RESPONSE</u>:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. Without waiving its objections, TRC directs the plaintiff's attention to the Request for Reexaminiation of U.S.

Patent Number 5,943,199, filed on Friday, October, 6, 2006, which has already been provided to the plaintiff. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 8:**

All licenses, sub-licenses, immunities, covenants not to sue, supply agreements, or any other rights to manufacture, sell, or use that you have granted, received, or of which you are aware, relating to LLCIs, ground fault circuit interrupters ("GFI" or "GFCI"), appliance leakage current interrupters ("ALCI"), or arc-fault circuit interrupters ("AFCI").

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 9:**

Any licenses or documents you contend are relevant to the calculation of a reasonable royalty.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 10:**

All documents and things referring or relating to any oral or written statement made by TRC or anyone on TRC's behalf as to whether or not TRC was or is infringing the `199 patent.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC objects to this request on the grounds that the information requested may be subject to attorney-client and work product privileges. TRC also objects to this request with respect to the identity of documents generated after the commencement of this litigation on the grounds that identification of these documents is unduly burdensome and these documents may be subject to attorney-client and work product privileges.

**REQUEST NO. 11:**

All documents and things referring or relating to Tower's LCDIs, GFIs, GFCIs, ALCIs, or AFCIs, including but not limited to, all correspondence referring or relating to Tower or their products.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. TRC further objects to this interrogatory as irrelevant to the extent that it requests documents and things relating to information unrelated to the present suit, as such information would not relate to any claim or defense in this action. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 12:**

All documents and things referring or relating to any of the TRC products identified in response to Tower's Interrogatory No. 1.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 13:**

Representative specimens of each TRC product identified in response to Tower's Interrogatory No. 1.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "representative specimens." Without waiving its objections, TRC will attempt to produce representative specimens.

**REQUEST NO. 14:**

All documents and things referring or relating to any research, development, or testing of any of the TRC products identified in response to Tower's Interrogatory No. 1.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. TRC further objects to this interrogatory as irrelevant to the extent that it requests documents and things relating to

information unrelated to the present suit, as such information would not relate to any claim or defense in this action.

**REQUEST NO. 15:**

All documents and things referring or relating to any search, consideration, or assessment as to whether any of the TRC products identified in response to Tower's Interrogatory No. 1 infringe any patent, including, but not limited to the `199 patent.

**RESPONSE:**

TRC objects to this request on the grounds that the information requested may be subject to attorney-client and work product privileges. TRC also objects to this request with respect to the identity of documents generated after the commencement of this litigation on the grounds that identification of these documents is unduly burdensome and these documents may be subject to attorney-client and work product privileges. TRC further objects to this interrogatory as irrelevant to the extent that it requests documents and things relating to information unrelated to the present suit, as such information would not relate to any claim or defense in this action.

**REQUEST NO. 16:**

All documents and things referring or relating to all profits realized by TRC on the sale of any of the TRC products identified in response to Tower's Interrogatory No. 1, including, but not limited to, sales records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, and financial statements.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without

waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 17:**

All documents and things referring or relating to the aggregate sales and distribution of any of the TRC products identified in response to Tower's Interrogatory No. 1, including, but not limited to sales records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, and financial statements.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 18:**

All documents and things referring or relating to the promotion, marketing, advertisement, or sale of any of the TRC products identified in response to Tower's Interrogatory No. 1, including, but not limited to, sales records, purchase orders, invoices, receipts, bills of lading, billing ledger sheets, accounts receivable, profit and loss statements, budgets, and financial statements.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required

by the Court's discovery schedule.

**REQUEST NO. 19:**

All draft, proposed, and executed contracts referring or relating to any of the TRC products identified in response to Tower's Interrogatory No. 1.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all draft, proposed, and executed contracts" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 20:**

All documents and things referring or relating to the original composition of, specification for, or instructions for use of any of the TRC products identified in response to Tower's Interrogatory No. 1, and the reasons for any changes in the composition or specification or instructions for use of said TRC products.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things " relating to a broad topic. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

**REQUEST NO. 21:**

All documents and things not specifically requested that are related in any way to the subject

matter of TRC's Affirmative Defenses or Counterclaims.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic.

**REQUEST NO. 22:**

All documents and things identified in TRC's Rule 26(a) (1) (B) disclosure.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent that no documents were specifically identified in TRC's Rule 26(a)(1)(B) disclosure. Without waiving its objection, TRC will produce responsive documents subject to the Court's issuance of a protective order.

**REQUEST NO. 23:**

All documents and things that may or will be used at trial or any evidentiary hearing in this matter.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 24:**

All financial statements of TRC since LCDIs, GFIs, GFCIs, ALCIs, or AFCIs were first produced by TRC.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents, things, and documentations" relating to a broad topic. TRC also objects to this request on the grounds that it is premature as discovery is ongoing in this matter. Without waiving its objections, TRC will respond to this interrogatory at an appropriate time as required by the Court's discovery schedule.

**REQUEST NO. 25:**

All catalogs, marketing materials, product inserts, product specifications, websites, and advertising related to or concerning any TRC product.

**RESPONSE:**

TRC objects to the interrogatory as vague, ambiguous, and unduly burdensome to the extent it requests "all documents and things" relating to a broad topic. TRC further objects to this interrogatory as irrelevant to the extent that it requests documents and things relating to information unrelated to the present suit, as such information would not relate to any claim or defense in this action. Without waiving its objections, TRC will produce nonprivileged documents within its control or possession responsive to this request if such documents exist.

Respectfully submitted,

Date: 10/10/06

By: ______________________
William C. Bergmann (pro hac vice)
Kenneth Sheehan (pro hac vice)
Conrad J. DeWitte, Jr. (pro hac vice)
BAKER & HOSTETLER LLP
Washington Square
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Phone: 202.861.1500
Facsimile: 202.861.1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

William R. Grimm
Mitchell R. Edwards

Rhode Island Bar No. 1938
Rhode Island Bar No. 6942
HINKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401.274.2000
Facsimile: 401.277.9600
wgrimm@haslaw.com
medwards@haslaw.com

______________________

Attorneys for Defendant, TECHNOLOGY RESEARCH CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned here certifies that a copy of the foregoing has been served upon all counsel of record on October 10, 2006 by U.S. Mail, First Class, postage prepaid, addressed to the following:

Thomas F. Holt, Jr.
John J. Cotter
Larissa BiFano
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950

Bruce W. Gladstone
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903

[signature]