UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWER MANUFACTURING CORPORATION,

Plaintiff,

v.

Civil Action No. 06-212-T-DLM

TECHNOLOGY RESEARCH CORPORATION,

Hon. Ernest C. Torres

Defendant.

---

**TRC'S REPLY TO TOWER'S MEMORANDUM IN SUPPORT OF TOWER'S OBJECTION TO TRC'S MOTION TO STAY THIS ACTION**

This brief responds to Tower's Memorandum in Support of Its Objection to TRC's Motion to Stay this Action. In view of TRC's arguments presented in its supporting memoranda, and the pending request for reexamination, the present proceedings should be stayed. TRC's Motion to Stay this action should be granted even if the Court applied the test used in Telemac Corp. v. Teledigital, Inc., 2006 WL 2632560 (N.D. Cal. Sept. 13, 2006) cited by Tower. These factors were first articulated in Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999), and later applied in In re Cygnus Telecommunications Technology, LLC, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

This suit was filed by Tower in response to a patent infringement suit filed by TRC in the District Court for the Middle District of Florida to harass TRC as the Florida action progresses. As is evident by the prior art cited in the request for reexamination of the '199 patent, attached as an exhibit to TRC's Motion to Stay, Tower's patent represents a minor and obvious difference over the prior art at best. Allowing this suit to progress before the USPTO has had an

opportunity to reexamine Tower's patent in view of the prior art cited by TRC will not serve the interests of justice.

Tower misstates the three factors applied in Telemac and Xerox.[1] These cases state that "[i]n determining whether to stay this case pending reexamination, the Court considers the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Telemac, 2006 WL 2632560 at *3. In this Reply, TRC addresses the Xerox factors applied in Telemac, rather than the factors Tower substitutes in their place.

**Application of the Xerox Factors**

***(1) Discovery Is Not Complete and a Trial Date Has Not Been Set***

With respect to the first factor, discovery has barely begun in this action and no trial date has been set. The parties have not exchanged documents, there is no protective order in this case, there have been no depositions, and no discovery other than an exchange of initial sets of interrogatories.[2] In addition, a trial date has not been set. See In re Cygnus Telecomm. Tech., LLC, 385 F. Supp. 2d at 1024 (granting stay after USPTO granted request for reexamination because discovery had not been completed in action, and because case was not "on the verge of trial").

Tower cites Enprotech Corp. v. Autotech Corp., 1990 WL 37217, at *1, 15 USPQ2d 1319, 1320 (N.D. Ill. 1990) in support of its position, but that case is not relevant to this action.

[1] Tower styled the three factors balanced in Telemac as: (1) whether a stay would unduly prejudice the non-moving party; (2) whether a stay will simplfy the issues in question and trial of the case; and (3) the state of the action. Pl.'s Mem. Supp. Obj. Def.'s Mot. Stay at 2.

[2] Contrary to Tower's assertions, it was Tower that requested a two week extension of time to respond to the interrogatories. Thereafter a second extension of time was requested by TRC, which was necessitated by the timing of the Markman hearing in the Florida action.

In Enprotech, after two years of discovery defendant requested a stay while it pursued a reexamination in the USPTO. Id. The court declined to grant the defendant's request to stay the proceedings concluding that a reexamination would not determine the pending inequitable conduct claim arising from the discovery of the known prior art. Id. In this case TRC has been timely in its request for a stay as extensive discovery has not yet occurred.

Tower also cites Output Technology Corp. v. Dataproducts Corp., 1991 WL 332547, 22 USPQ2d 1072, 1073 (W.D. Wash. 1991), but that case is also not relevant to this action. In Output Technology, after one year of discovery, including at least one deposition, a scheduled trial date, and the defendant's failure to show hardship caused by going forward, the court declined to stay the proceedings. Id. In the case before this Court, TRC and Tower have engaged in relatively little discovery, no depositions have taken place, and no trial date has been set. Furthermore, Tower has not made any showing that a stay of this action would be a hardship for it.

***(2) A Stay Will Result in a Simplification of the Issues and the Trial of the Case***

A stay of the present proceedings will allow the "validity of the patent to be 'tested in the Patent office where the most expert opinions exist and at a much reduced cost.'" Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (quoting H.Rep. 1307(I), 96th Cong. 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463). "[R]eexamination 'will permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation.'" Id. Furthermore, a stay of the present litigation has the potential to simply the issues in question and trial of the case both because of the likelihood that the USPTO will cancel or change one of the existing claims, and because "for those claims that survive the reexamination, [the] court will have a richer prosecution history upon which to base necessary

claim construction determinations or reconsideration." In re Cygnus Telecomm. Tech., LLC, 385 F. Supp. 2d at 1024 (citation omitted).

In its claim chart, Tower claims that TRC product number 37190 infringes claims 1, 2, 3, 4, and 6 of Tower's U.S. Patent Number 5,943,199. The USPTO's reexamination of the '199 patent will simplify the issues in this case because most likely some or all of the claims will be invalidated or changed.

In its opposition memorandum, rather than citing the actual statistics provided by the USPTO, Tower cites a letter from the American Intellectual Property Law Association to the Director of the USPTO that quotes USPTO statistics. See Pl.'s Mem. Supp. Obj. Def.'s Mot Stay, Ex. E at 2. This letter states that only 7.2% of all of the third party requests for ex parte reexamination are denied. Id. Thus, 92.8% of all third party requests for ex parte reexamination are granted. Furthermore, according to the AIPLA's purported USPTO statistics, "[c]ertificates issued on third party requested ex parte reexamination proceedings result in the cancellation of all claims in 12% of the proceedings and changes to the claims in 59% of the proceedings." Id. Thus, in 71% of all third-party requested ex parte reexamination proceedings, the claims reexamined by the USPTO are either changed or cancelled. It does not make sense for the parties to spend additional time and money in this case while there is a strong chance that the USPTO's reexamination will change the issues involved or render this litigation moot in light of a USPTO determination of invalidity.

### ***(3) A Stay Does Not Unduly Prejudice or Present a Clear Tactical Disadvantage to the Nonmoving Party***

There is no injunctive threat in this litigation as there are clear non-infringing alternatives to the '199 patent. Therefore, a stay will not prejudice Tower. (The patent itself discloses a prior art alternative in Fig. 3.) In addition, Tower does not appear to even manufacture a product

that practices the '199 patent. Thus, imposing a stay of the proceedings will not harm Tower in the marketplace by allowing TRC to continue producing or selling product that is allegedly infringing. Therefore, Tower would not be prejudiced by a stay of this action, nor will a stay present a clear tactical disadvantage to Tower.

**Other Case Law Cited By Tower Clearly Supports**
**A Stay of the Proceedings Through the Completion of Any Reexamination**

Tower's characterization of Ethicon v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) is incorrect. Tower cites to Ethicon for the proposition that a court should not grant a motion to stay proceedings pending the conclusion of a Patent Office reexamination. This statement of law is not in the holding or the dicta of Ethicon. Instead, the court states that "Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, 849 F.2d at 1425-28.

If anything, Ethicon stands for the proposition that courts should stay proceedings in order to allow the USPTO to conduct a reexamination, because the USPTO must conduct a reexamination as required by statute, whereas a district court is free to stay its proceedings in order to obtain the benefit of the USPTO's analysis. See Ethicon, 849 F.2d at 1425-26.

**Conclusion**

In view of the above, the Court should stay this litigation while the PTO reexamines the patent in suit as is requested in TRC's motion.

Respectfully submitted,

Date: November 13, 2006

By: /s/William R. Grimm

William R. Grimm
Rhode Island Bar No. 1938
Mitchell R. Edwards
Rhode Island Bar No. 6942
HINKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401.274.2000
Facsimile: 401.277.9600
wgrimm@haslaw.com
medwards@haslaw.com

William C. Bergmann, *pro hac vice*
Kenneth Sheehan
Conrad J. DeWitte, Jr., *pro hac vice*
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Phone: 202.861.1500
Facsimile: 202.861.1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
cdewitte@bakerlaw.com

Attorneys for Defendant, TECHNOLOGY RESEARCH CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2006, a copy of the foregoing Defendant's Reply to Tower's Memorandum in Support of Tower's Objection to Defendant's Motion to Stay This Action was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/William R. Grimm

#759937