EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TOWER MANUFACTURING CORPORATION,<br>Plaintiff,<br>v.<br>TECHNOLOGY RESEARCH CORPORATION,<br>Defendant. | Civil Action No. 06-212-T-DLM |

**PLAINTIFF TOWER MANUFACTURING CORPORATION'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-17)**

Plaintiff Tower Manufacturing Corporation ("Tower") hereby responds to Defendant's First Set of Interrogatories to Plaintiff ("Interrogatories").

**GENERAL OBJECTIONS**

The following general responses and objections are incorporated into each of Tower's individual responses as if set forth there in full.

1. Tower objects to the Interrogatories to the extent that they call for disclosure of information subject to the attorney-client privilege, work product doctrine, and/or any other privilege or protection, or are otherwise not subject to discovery under the Federal Rules of Civil Procedure. In the event that any response given by Tower contains privileged or protected information, Tower's disclosure is inadvertent and

shall not constitute a waiver of any privilege or protection with respect to the divulged information or any other information, and Tower expressly reserves its right to demand that Technology Research Corporation ("TRC") return any inadvertently produced information, documents, and all copies thereof.

2. Tower objects to the Interrogatories to the extent that they impose obligations on Tower beyond those required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court of Rhode Island.

3. Tower objects to the Interrogatories to the extent that they seek information that is already in TRC's possession or is equally accessible to TRC.

4. Tower objects to the Interrogatories to the extent they seek information that is equally available to TRC through other sources on the ground that such Interrogatories subject Tower to unreasonable and undue burden and expense.

5. Tower objects to the Interrogatories to the extent that they seek information about which Tower lacks information or knowledge.

6. Tower objects to the Interrogatories to the extent they seek information that is neither relevant to any claim or

defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

7. Tower objects to the Interrogatories (as well as the Instructions and Definitions) to the extent they are vague, ambiguous, incomprehensible, or confusing due to undefined or ill-defined terms, or contain incorrect factual assumptions.

8. Tower objects to the Interrogatories to the extent they are vague, ambiguous, or incomprehensible due to confusing or unclear grammar or syntax.

9. All objections as to relevance, authenticity, or admissibility of any information or documents referred to in these responses are expressly reserved.

10. Tower objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, and/or designed to harass Tower.

11. Tower has responded to the Interrogatories as they interpret and understand them. If TRC subsequently asserts an interpretation of any request that differs from the understanding of Tower, Tower reserves the right to supplement or amend their objections and/or responses.

12. Tower also reserves the right to rely, at the time of trial or in other proceedings in this action, upon documents, responses, and evidence in addition to those provided in response to TRC's Interrogatories or TRC's Document Requests, regardless of whether, *inter alia*, any such documents, responses, and evidence are newly discovered or are currently in existence.

13. Tower objects to the Interrogatories on the ground that discovery is ongoing. The responses set forth below are based upon information presently known to Tower and/or its attorneys after having made a diligent inquiry. Tower reserves the right to supplement and/or amend the responses if further information becomes available in the course of its inquiries.

14. Tower objects to the Interrogatories to the extent that they seek confidential, trade secret, or other proprietary business information, or personal financial information. Without waiving this objection, Tower will not produce such material until this Court has entered a Protective Order.

15. Tower objects to the Interrogatories to the extent that they seek information or documents that Tower is contractually obligated not to disclose.

16. Tower objects to the Interrogatories to the extent that they are argumentative in nature, seek legal conclusions, and/or ultimate factual determinations.

17. Tower objects to the Interrogatories to the extent that they seek to define terms or characterize the evidence for purposes going beyond these Interrogatories. To the extent Tower adopts any terms used by TRC in TRC's Interrogatories, such adoption is specifically and solely limited to these responses.

18. Nothing in these responses shall be construed as an admission by Tower with respect to the admissibility of any characterization contained in the Interrogatories. Tower's willingness to provide information pursuant to the Interrogatories is not an admission that the subject matter of that particular Interrogatory is admissible or discoverable.

19. Tower's responses to any of the Interrogatories are not a concession that any individuals with relevant knowledge identified by Tower will be called as witnesses or possess discoverable information concerning the subjects requested in the Interrogatory.

20. Tower objects to the Interrogatories to the extent that they seek information not in the possession, custody or control of Tower.

21. Tower objects to the interrogatories to the extent that they request the production of documents and things.

22. Tower specifically reserves the right to supplement their answers or further answer the Interrogatories.

23. Counsel for Tower will be prepared to discuss all objections with counsel for TRC for the purpose of resolving any disputes which may arise without the need for intervention by the Court.

**INTERROGATORY RESPONSES AND OBJECTIONS**

Subject to and without waiver of any of the objections stated above and below, Tower responds to the Interrogatories as follows:

**INTERROGATORY 1:**

Identify each asserted claim of the '199 patent that forms the basis of plaintiff's patent infringement cause of action against defendant, and identify each of defendant's products alleged to infringe each such claim.

**ANSWER:**

Tower objects to this Interrogatory on the ground that it is premature as discovery is an ongoing matter. Subject to and without waiving the above stated specific and general objections, Tower presently expects to assert the infringement by TRC of at least one or more of the claims of United States Patent No. 5,943,199 ("the '199 patent"), including claims 1-4 and 6. Additionally, Tower reserves the right to assert the infringement of any other claims of the '199 patent, pending discovery. As of this time, Tower believes that at least the product sold by TRC as TRC Model No. 37190 infringes one or more of the claims of the '199 patent. Additionally, Tower reserves the right to assert infringement by other devices made by TRC.

**INTERROGATORY 2:**

State the factual basis for the accusations of infringement made in the Complaint, including a claim chart for each claim identified in response to Interrogatory Number 1, describing how each element of each allegedly infringed claim is found literally or under the doctrine of equivalents in each accused product. Your answer should identify all documents that refer to or relate to any factual basis for the accusation of infringement, and all investigations, tests, analyses, studies,

reviews, or experiments relating to the alleged infringement, including identification of each person participating therein.

**ANSWER:**

Tower objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Furthermore, Tower objects to this Interrogatory as premature because Tower has not yet obtained sufficient discovery on the accused product or products. Subject to and without waiving the above stated general and specific objections and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Tower will produce non-privileged documents from which the answer to this Interrogatory may be derived or ascertained. These documents include the '199 patent and its file history, TRC's product, and the prior art cited on the face of the '199 patent. Tower also attaches a claim chart as Exhibit A.

**INTERROGATORY 3:**

Identify any searches or investigations ever conducted by or for plaintiff to locate references or prior art pertinent to the patentability or non-infringement of any of the subject matter shown, described, or claimed in the '199 patent, or to the claim construction or claim scope of any claim of any of the '199 patent, including the identity of any prior art to the '199

patent, all patents and printed publications in the U.S. or a foreign country which show, for the '199 patent, the state of the art relative to any of the subject matter shown, described, or claimed, and which have a filing date or a publication date in this or a foreign country prior to the filing date identified on the face of the '199 patent.

**ANSWER:**

Tower objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Tower also objects to this Interrogatory on the ground that it is vague, ambiguous, and unduly burdensome. Subject to and without waiving the above stated general and specific objections, Tower has not yet conducted searches or investigations beyond those necessary for the filing and prosecution of the patent application. The results of those searches conducted by the prosecuting patent attorneys are shown on the face of the '199 patent.

**INTERROGATORY 4:**

Identify any and all studies, analyses, opinions or memoranda concerning the validity, enforceability, or infringement of any claim of the '199 patent, including, without limitation, any third-party opinions with respect to the validity, invalidity, infringement, or non-infringement of any

claim of the '199 patent, and any and all analysis, evaluation, test, study, or investigation of any of defendant's activities, devices, processes, or equipment that allegedly infringes any asserted claim of the '199 patent.

**ANSWER:**

Tower objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Tower also objects to this Interrogatory on the ground that it is premature as discovery is an ongoing matter. Tower also objects to this Interrogatory on the ground that it is vague, ambiguous, and unduly burdensome. Specifically, Tower objects to the use of the word "opinion" as vague and indefinite. Subject to and without waiving the above stated general and specific objections and to the extent understood, Tower will list any such information that exists and was not prepared by trial counsel on a privilege log.

**INTERROGATORY 5:**

Identify any and all meetings of directors, officers or employees of plaintiff where: (a) any aspect of the business of defendant or its accused product was discussed; and (b) any aspect of this litigation or the possibility of commencing this litigation was discussed.

**ANSWER:**

Tower objects to this Interrogatory on the ground that it is vague, ambiguous, and unduly burdensome. Tower also objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Subject to and without waiving the above stated general and specific objections, Tower has been unable to identify any such meetings.

**INTERROGATORY 6:**

For each asserted claim, state plaintiffs contentions regarding the date of conception, the date of reduction to practice (including whether the reduction to practice was actual or constructive), the testing of any of the subject matter shown, described, or claimed in the '199 patent, and identify all facts supporting any assertion of diligence towards the reduction to practice, including the first disclosure to someone other than the inventor of any alleged invention disclosed or claimed in the '199 patent (including all documents referring thereto), and each individual knowledgeable of the facts relating thereto.

**ANSWER:**

Tower objects to this Interrogatory on the ground that it is premature as discovery is an ongoing matter. Tower also

objects to this Interrogatory as the use of the word "contentions" is vague and ambiguous and the phrase "all facts supporting any assertion" is unduly burdensome. Subject to and without waiving the above stated general and specific objections, the invention disclosed in the '199 patent was conceived as of August 1995. The actual reduction to practice of the invention occurred at some point in October 1996. During the period between August 1995 and October 1996, Tower diligently worked to reduce the invention to practice. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Tower will produce non-privileged documents from which further responsive information may be derived or ascertained.

**INTERROGATORY 7:**

For each apparatus or device ever manufactured by or for plaintiff or plaintiff's licensees or assigns for practicing the subject matter shown, described, or claimed in the '199 patent, identify the design, construction or operation of each such apparatus or device.

**ANSWER:**

Tower objects to this request on the ground that it is vague, ambiguous, and unduly burdensome. Tower objects to the Interrogatory to the extent that it seeks information not in the possession, custody or control of Tower. Subject to and without

waiving the above stated general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Tower will produce non-privileged documents from which the answer may be derived or ascertained. Additionally, Tower notes that it manufactures several current leakage detection devices. Some of these devices include but are not limited to devices known by catalog series numbers 30311, 30312, 30350, 30351, 30352, 30353, 30354, 30358, 30360, 30361, 30365, 30366, 30367, 30368, 30369, 30370, 30371, 30372, and 30373.

**INTERROGATORY 8:**

Identify the first manufacture, use, sale, offer for sale, or placing on sale of any device, system, or apparatus covered by or practiced in accordance with any of the subject matter shown, described, or claimed in the '199 patent.

**ANSWER:**

Tower objects to this request on the ground that it is vague and indefinite in its use of the phrase "covered by." Subject to and without waiving the above stated general and specific objections, a device practiced in accordance with any of the subject matter shown, described, or claimed in the '199 patent was first manufactured on or about July 1997. Pursuant to Fed. R. Civ. P. 33(d), Tower refers TRC to non-privileged documents to be produced in response to TRC's Request for

Production of Documents and Things from which TRC may ascertain requested information.

**INTERROGATORY 10:**

Set forth the circumstances under which plaintiff first learned of any of defendant's activities, devices, processes, or equipment that allegedly infringe any asserted claim of the '199 patent.

**ANSWER:**

Tower objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Subject to and without waiving the above stated general and specific objections, Tower learned of TRC's infringement no later than April 2006.

**INTERROGATORY 11:**

Identify all persons who participated in the research, work, experimentation, study, or invention, of the subject matter described in the '199 patent, and describe in detail the knowledge and involvement with respect to the '199 patent of each person identified.

**ANSWER:**

Subject to and without waiving the above stated general objections, Victor Aromin designed, developed and invented the subject matter of the '199 patent.

**INTERROGATORY 12:**

Identify all patent applications that disclose, in whole or part, the inventions of the '199 patent including parents, divisionals, continuations, continuations-in-part, reissues, reexaminations, and applications now abandoned or pending, each person who participated in either the preparation or prosecution of each application, and describe the nature of the person's participation. Identify all documents that pertain to the preparation, filing or decision not to file, and prosecution of the above-identified applications, including but not limited to any written disclosures of the subject matter of the above-identified applications, any models of the subject matter of the above-identified applications, all communications passing between the named inventors and the inventor's employers, patent agents, or attorneys, any interviews held with the U.S. Patent and Trademark Office, and any interferences involving the above-identified applications.

**ANSWER:**

Tower objects to this request on the ground that it is vague, ambiguous, and unduly burdensome. Tower also objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Subject to and without waiving the above stated general and specific objections, two continuations were filed claiming priority to the '199 patent: United States Patent Application No. 09/379,961 filed on 08-24-1999 which is abandoned and 09/435,217 filed on 11-05-1999, which issued as United States Patent No. 6,122,155. These patents and applications were prosecuted by the law firm of Kriegsman and Kriegsman, with the aid of the inventor, Victor Aromin.

**INTERROGATORY 13:**

Identify all licenses, covenants not to sue, assignments, or any other agreements involving the '199 patent, and for each license, covenant not to sue, assignment, or other agreement identified, identify all documents embodying or relating to each such agreement.

**ANSWER:**

Tower objects to this request on the ground that it is vague, ambiguous, and unduly burdensome. Tower also objects to this Interrogatory to the extent that it requests information

protected by the attorney client and work product privileges. Subject to and without waiving the above stated general and specific objections, Victor Aromin, the named inventor of the '199 patent, assigned the '199 patent to Tower in an assignment executed on October 7, 1997 and recorded at Reel No. 008758 and Frame No. 0698 on October 20, 1997. Tower is not aware of any express licenses, covenants not to sue, or other agreements involving the '199 patent.

**INTERROGATORY 14:**

State the date on which TRC, its licensees or affiliates first marked any products that practice the '337 patent pursuant to 35 U.S.C. § 287. Identify all evidence that plaintiffs has [sic] been consistently and continuously marking its products that are alleged to be covered by any claims of the '199 patent.

**ANSWER:**

Tower objects to this request on the ground that it is vague, ambiguous, and unduly burdensome. Tower also objects to this Interrogatory to the extent that it requests information protected by the attorney client and work product privileges. Subject to and without waiving the above stated general and specific objections, Tower has no knowledge as to when TRC first marked any products that practice the '337 patent.

Additionally, no Tower products are marked with or practice the '337 patent. However, with respect to Tower's products and the '199 patent, Tower's present understanding is that it followed its general practice of marking the products listed in response to Interrogatory No. 7 with notice of the '199 patent no later than on or about July 2004.

**INTERROGATORY 15:**

Describe in detail the damages and other remedies sought by plaintiff for alleged infringement of the '199 patent. Include in your answer a detailed description of all documents and witnesses supporting your claim for damages and other remedies against defendant.

**ANSWER:**

Tower objects to this Interrogatory as premature because Tower has not yet obtained sufficient discovery to determine the extent of damages, and the basis for determining each and every component of damages.

Subject to and without waiving the foregoing general and specific objections, Tower states that it will seek damages adequate to compensate for the infringement of the '199 patent by TRC as set forth under 35 U.S.C. § 284, including lost profits, a reasonable royalty, interest, and costs.

**INTERROGATORY 16:**

Describe in detail the basis for plaintiff's allegations of willfulness found in the Complaint.

**ANSWER:**

Tower objects to this Interrogatory as premature because Tower have not yet obtained sufficient discovery to determine the extent to which TRC's actions are willful and deliberate. Tower further objects that the phrase "allegations of willfulness" is vague, ambiguous, and unclear. Subject to and without waiving the foregoing general and specific objections, Tower responds as follows: TRC had notice or knowledge of the '199 patent prior to committing the alleged infringement at issue in this action. See Tower's Response to Interrogatory No. 14.

**INTERROGATORY 17:**

Identify all witnesses (including expert witnesses) plaintiff intends to call at trial in support of any of its claims or defenses, the substance of each witness' testimony, and the relationship of each witness's testimony to plaintiff's claims or defenses.

**ANSWER:**

Tower objects to this Interrogatory on the ground that it is premature as discovery is an ongoing matter. Subject to and

without waiving the above stated general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Tower will produce non-privileged documents from which the answer may be derived or ascertained. At the present time, Tower lists the following individuals as potential witnesses. Tower reserves the right to supplement this list at any time.

(a) Victor Aromin;

(b) Chepur R. Rao;

(c) Louis J. Shatkin; and

(d) Ken LaLiberte.

These above-listed witnesses may testify about issues relating to the '199 patent, TRC's infringement of the '199 patent, damages, Tower Manufacturing Corporation, and other issues raised in this action.

Dated: October 12, 2006

Objections by,

John J. Cotter
*(admitted pro hac vice)*
Email: jcotter@klng.com
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Fax: (617) 261-3175

Bruce W. Gladstone
Email: bgladstone@cm-law.com
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
Tel.: (401) 331-5700
Fax: (401) 331-5787

Answers by,

Dated:

________________________________________
Tower Manufacturing Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served by facsimile and U.S. Mail, postage prepaid, this 12th day of October, 2006, upon:

William C. Bergmann
Kenneth J. Sheehan
Conrad J. DeWitte, Jr.
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-861-1500
Facsimile: 202-861-1783
wbergmann@bakerlaw.com
ksheehan@bakerlaw.com
bmathis@bakerlaw.com

William R. Grimm
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: 401-274-2000
Facsimile: 401-277-9600
wgrimm@haslaw.com

ATTORNEYS FOR DEFENDANT
TECHNOLOGY RESEARCH CORP.

Larissa S. Bifano